Affirmed and Memorandum Opinion filed November 20, 2007








Affirmed and Memorandum Opinion filed November 20, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01001-CR

____________

 

EDGAR GUIJON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 951934-A

 



 

M E M O R A N D U M   O P I N I O N

Appellant Edgar Guijon was charged with possession of 5.1
pounds of marihuana.  Pursuant to a plea bargain, appellant pleaded guilty to
the third-degree felony of possession of five to fifty pounds of marihuana and
received five years= deferred adjudication.  In response to
the State=s motion to adjudicate guilt, appellant filed an
application for writ of habeas corpus.  Appellant alleged his plea was
involuntary because trial counsel provided ineffective assistance.  Following
an evidentiary hearing, the trial court denied appellant=s writ of habeas
corpus.








In four issues, appellant argues the trial court erred in
denying his writ.   In his first two issues, appellant contends that trial
counsel=s failure to file
a motion to disclose the identity of a confidential informant who was present
at appellant=s arrest constituted ineffective assistance and that
counsel=s failure to
advise him of his right to request disclosure of the informant resulted in an
involuntary plea.  In his third and fourth issues, appellant argues that his
lawyer was deficient by failing to move to have the marihuana weighed after any
ungerminated seeds and stalks were removed and that counsel=s failure to
advise appellant of his right to have the marihuana reweighed rendered his plea
involuntary.  We affirm the judgment of the trial court.

Standard of Review

In reviewing a trial court=s decision on a
habeas corpus application, we review the facts in the light most favorable to
the trial court=s ruling and, absent an abuse of
discretion, uphold the ruling.  Ex parte Peterson, 117 S.W.3d 804, 819
(Tex. Crim. App. 2003).  We give Aalmost total
deference to a trial court=s determination of the historical facts,@ particularly when
the findings are based on an evaluation of credibility and demeanor.  Id.
at 819.  We afford the same deference to the trial court=s application of
the law to the facts if the resolution of the ultimate question turns on an
evaluation of credibility and demeanor.  Id.  If the resolution of the
ultimate question turns on an application of legal standards, we review the
determination de novo.  Id.

Ineffective Assistance








To prove ineffective assistance of counsel, appellant must
show (1) that counsel=s representation was deficient, falling
below the standard of prevailing professional norms, and (2) a reasonable
probability that the result of the proceeding would have been different but for
counsel=s deficient
performance.  Strickland v. Washington, 466 U.S. 668, 687B96 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  This two‑prong
standard also applies to challenges of guilty pleas.  See Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing Hill v. Lockhart, 474
U.S. 52, 59 (1985)).  The defendant must prove objectively, by a preponderance
of the evidence, that trial counsel=s representation
fell below professional standards.  Mitchell v. State, 68 S.W.3d 640,
642 (Tex. Crim. App. 2002).  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Salinas,
163 S.W.3d at 740.  In assessing counsel=s competence, we
presume counsel has knowledge of legal principles that are neither novel nor
unsettled.  Ex parte Welch, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998). 
To defeat this presumption, any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999).  

In the context of a claim that the defendant=s plea is
involuntary due to ineffective assistance of counsel, the defendant must show
(1) that counsel=s advice was outside the range of
competency demanded of attorneys in criminal cases and (2) that but for counsel=s erroneous
advice, the defendant would not have pleaded guilty and instead would have gone
to trial.  Ex parte Moody, 991 S.W.2d 856, 857B58 (Tex. Crim.
App. 1999).  Misinformation concerning a matter, such as probation, about which
a defendant is not constitutionally or statutorily entitled to be informed, may
render a guilty plea involuntary if the defendant shows his guilty plea was
actually induced by the misinformation.  Brown v. State, 943 S.W.2d 35,
42 (Tex. Crim. App. 1997). 

Motion to Disclose Informant=s Identity








The State may refuse to disclose the identity of a person
who has furnished information relating to or assisting in an investigation of a
possible violation of law.  See Tex.
R. Evid. 508.  Rule 508(c)(2) compels disclosure of an informant if the
informant=s testimony may be necessary to a fair determination
of guilt or innocence in a criminal case.  Id.  If the State refuses to
disclose the informant=s identity in such a case, Rule 508
mandates dismissal of the criminal charges upon the defendant=s motion.[1] 
Id.  Appellant=s first and second issues assert trial
counsel performed deficiently by failing to move for disclosure of the State=s confidential
informant pursuant to Rule 508 or to advise him of his right to request
disclosure, thus rendering his guilty plea involuntary.  Appellant testified at
the habeas hearing that if he had understood this aspect of the law, he would
have insisted that his lawyer file a proper motion to disclose the informant=s identity and he
would not have entered a plea prior to a obtaining a ruling on the motion. 

Appellant claims his trial counsel, William McClellan,
performed deficiently because McClellan did not understand the potential for
dismissal of appellant=s case under Rule 508 if the State refused
to disclose the informant=s identity.  Appellant argues McClellan
erroneously believed that when the State fails to comply with a request for the
disclosure of a material witness, Rule 508 only prohibits the State from
calling the informant as a witness.  The record does not support this
allegation.  McClellan correctly testified to the ramifications under Rule 508 of
the State=s failure to disclose a confidential informant who was
present at the offense or arrest.

Appellant further argues that if McClellan did understand
Rule 508, he still  performed deficiently because he knew the potential of
getting the case dismissed, yet failed to file a motion to disclose the
confidential informant.   McClellan testified he did not pursue disclosure of
the informant because he already had access to the information: appellant had
told him appellant knew the informant=s name, phone
number, and address.   Appellant testified to the contrary, that in fact he did
not know the informant=s identity, nor had he ever told McClellan
he did.  The trial court resolved this credibility issue against appellant, and
we defer to the trial court=s determination because it is supported by
the record.  Ex parte Elizondo, 947 S.W.2d 202, 212 (Tex. Crim. App.
1996).   








We conclude McClellan=s failure to file
a motion to disclose the informant was a strategic decision; McClellan had no
need to file a motion to disclose what he already knew.  See Flournoy v.
State, No. 05‑95‑01468‑CR, 1997 WL 752562, at *7 (Tex.
App._Dallas Dec. 8,
1997, no pet.) (not designated for publication) (counsel not deficient for not
filing motion to discover identity of confidential informant where appellant
had informant=s name prior to trial); Gonzales v. State, No.
A14‑89‑00706‑CR, 1990 WL 59514, at *2 (Tex. App.CHouston [14th
Dist.] May 10, 1990, no pet.) (not designated for publication) (defense counsel=s failure to move
for disclosure of informant was not ineffective assistance, due in part to no
evidence showing counsel lacked knowledge of informant=s identity).  

McClellan also testified he did not move for disclosure
under Rule 508 because A[a]t the time, we felt it wasn=t something we
needed to do.@  No follow-up questions were asked at the habeas
hearing to further elaborate on McClellan=s strategy.  It is
possible McClellan consulted with appellant and determined that production of
the informant would not provide any favorable evidence.  See Dickey v. State,
No. 14-95-00263-CR, 1998 WL 43212, at *3 (Tex. App.CHouston [14th
Dist.] Feb. 5, 1998, no pet.) (not designated for publication) (failure to move
for disclosure of informant was not deficient performance because counsel might
have informally learned informant=s identity and
concluded informant=s testimony would not be beneficial). 
Thus, under Strickland, we presume that counsel Amade all
significant decisions in the exercise of reasonable professional judgment.@  Strickland,
466 U.S. at 690.  Appellant has failed to show counsel performed deficiently.








Appellant has also failed to show that, but for counsel=s alleged failure
to move for disclosure or advise appellant of his right to request disclosure
of the informant, appellant would not have pleaded guilty but would have gone
to trial.  Appellant theorizes that if McClellan had moved for disclosure of
the informant=s identity under Rule 508, and if the State had
refused, his case would have been dismissed.  However, appellant=s speculation
about what the State may have done does not suffice to show that counsel=s conduct had a
prejudicial effect on the outcome of the proceeding or that appellant would not
have pleaded guilty.  See Ex parte Cash, 178 S.W.3d 816, 818B19 (Tex. Crim.
App. 2005).  Any allegation of ineffectiveness must be firmly rooted in the
record, Thompson,
9 S.W.3d at 814, and here the record lacks any evidence indicating the State would
have refused to disclose the informant=s identity.  See
Passmore v. State,  617 S.W.2d 682, 685 (Tex. Crim. App. 1985) (counsel was
not deficient for failing to file discovery motion where defendant could only
speculate as to matters that could have been revealed by virtue of filing such
a motion).  In addition, appellant claims only that he would have waited until
the trial court ruled on the motion to enter a plea, as opposed to stating that
he would not have pleaded guilty at all.  Consequently, we cannot conclude the
result of the proceeding would have been any different had McClellan requested
disclosure of the informant or informed appellant about his right to request
disclosure.  See Tabora v. State, 14 S.W.3d 332, 337 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (misinformation from counsel about defendant=s eligibility for
deferred adjudication did not render plea involuntary because record did not
indicate that but for counsel=s errors, defendant would have insisted on
going to trial instead of entering plea).

Because appellant has not shown that counsel=s failure to file
a motion to disclose was ineffective or that his plea was involuntary, the
trial court did not abuse its discretion in denying appellant=s application for
a writ of habeas corpus on this basis.  We overrule appellant=s first and second
issues.  

Motion to Reweigh Marihuana

Appellant claims
in his third and fourth issues that counsel=s failure to
request that the marihuana be cleansed of any ungerminated seeds and stalks and
reweighed resulted in ineffective assistance and rendered his plea
involuntary.  He claims this failure prejudiced the outcome of the proceeding
because removal of the seeds and stalks could have resulted in a lesser
offense.








Trial counsel is
charged with making an independent investigation of the facts of the case.  McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996).  Ordinarily, counsel
should not blindly rely on the veracity of either his client=s version of the
facts or witness statements in the State=s file, but the
duty to investigate is not categorical.  Id.  Counsel has a duty to make
reasonable investigations or to make reasonable decisions that make particular
investigations unnecessary, and we apply a heavy measure of deference to
counsel=s judgments.  Strickland,
466 U.S. at 691.  This burden will vary depending upon the complexities of the
case, the plea to be entered by the accused, and the punishment that may be
assessed.  See Flores v. State, 576 S.W.2d 632, 634 (Tex. Crim. App.
1978). 

Approximately 5.1
pounds of marihuana were at issue in this case.  Ungerminated seeds and stalks
are excluded from the definition of marihuana by statute.  See Tex. Health & Safety Code Ann. _ 481.002(26)
(Vernon 2007).  Appellant testified to having seen seeds and stalks in the
marihuana, and he also submitted an affidavit from a licensed investigator
stating that commercial grade marihuana often consists of twenty percent seeds
and stalks by weight. Appellant contends cleansing the marihuana of the seeds
and stalks would have resulted in a weight of less than five pounds, thereby
reducing the charge from a third-degree felony punishable by two to ten years= confinement to a
state jail felony punishable by two to five years.  Appellant argues that by
failing to investigate the facts and communicate with appellant concerning his
right to request that the marihuana be cleansed and reweighed, his trial
counsel performed deficiently and, as a result, his guilty plea was involuntary.








According to the record, McClellan
satisfied his duty to make a reasonable investigation of the facts of the case
to ensure appellant entered his plea knowingly and voluntarily.  McClellan met
with appellant two or three times and familiarized himself with appellant=s case.  McClellan relied in part on
the lab report approximating the amount of marihuana at 5.1 pounds, but he also
testified appellant did not provide additional information indicating further
investigation was necessary.  See Toupal v. State, 926 S.W.2d 606, 608 (Tex. App._Texarkana 1996, no pet.) (guilty plea
not involuntary due to counsel=s failure to determine whether laboratory report correctly
reported substance as cocaine where nothing in record suggested a thorough
factual investigation would have revealed information defendant did not tell
counsel at time of guilty plea); Gonzales v. State, No. 04-98-00524-CR,
1999 WL 191583, at *4 (Tex. App.CSan Antonio 1990,
no pet.) (not designated for publication) (counsel=s investigation
was sufficient where he relied on information obtained from State=s evidence and
defendant did not provide additional information indicating further
investigation was needed). 

Viewing McClellan=s actions from his
perspective at the time of the plea proceeding,[2]
we cannot say his failure to request that the marihuana be cleansed and
reweighed fell below an objective standard of reasonableness.  See
Schumacher v. State, 72 S.W.3d 43, 48 (Tex. App.CTexarkana 2001,
pet. ref=d) (in light of
defendant=s guilty plea and fact that counsel met with defendant
and discussed charges, counsel=s limited efforts to investigate were not
inappropriate).  Accordingly, we find appellant has failed to show that
McClellan performed deficiently by not filing a motion to have the marihuana
reweighed or advising appellant of this option.

Even if McClellan
should have filed the motion to reweigh or advised appellant about the motion,
appellant has not shown a reasonable probability that but for his counsel=s deficient
performance, the outcome of the proceeding would have been different.  Assuming
for argument=s sake that the marihuana did contain seeds and
stalks, appellant has not produced evidence showing the lab itself did not
remove the seeds and stems prior to weighing it.  Nor has appellant shown that
reweighing the marihuana would have actually resulted in a weight of less than
five pounds and therefore a lower offense.[3] 
  








Based on the
record before us, we cannot say that McClellan=s failure to move
to reweigh the marihuana or to so advise appellant fell below an objective
standard of reasonableness.  Nor can we say appellant has shown a reasonable
probability that but for McClellan=s failure to file
a motion or advise appellant of his right to request that the marihuana be
reweighed, the result of the proceeding would have been different.  See
Tabora, 14 S.W.3d at 337.  Because appellant has not satisfied either prong
of the Strickland test for ineffective assistance of counsel or shown
that his plea was involuntary, we overrule appellant=s third and fourth
issues.  

The trial court=s judgment is
affirmed. 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 20, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Because the informant was present at both the drug
deal and appellant=s arrest, he was an eyewitness to the charged offense,
thus triggering the procedural requirements of Rule 508(c)(2).  Anderson v.
State, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991).





[2]  McClellan also testified regarding his strategy, stating that he did
not file a motion to have the seeds and stalks removed because Aat the time we did not feel like it
was relevant.@  McClellan testified further that
an open warrant for appellant in Dallas County, pending at the same time as the
plea proceeding, factored into the decision to accept the State=s offer of deferred adjudication. 
McClellan testified that based on the information provided to him by appellant,
by the State, through the lab report, and through his investigation, he felt
the State=s plea bargain of five years= community supervision for a
third-degree felony was appellant=s best option. 





[3]  Appellant relies on Garcia v. State, No.
04-96-00932-CR, 1998 WL 2540, at *5 (Tex. App.CSan Antonio Jan. 7, 1998, pet. ref=d)
(not designated for publication), in support of his position that when the
weight of the seized marihuana falls near the weight for a lesser offense,
failure to file a motion to reweigh the marihuana without the seeds and stalks
prejudices the defendant by resulting in a higher sentence than he might
otherwise have received.  Appellant=s
reliance on this case is misplaced.  In Garcia, the court found
appellant=s lawyer was not ineffective for failing to have the
marihuana weighed without the stalks and seeds.  The court noted:

 

Picking out the stems and seeds would have been
appropriate if the seized marihuana had weighed closer to 50 pounds, but the
marihuana weighed 69 pounds.  To support a lesser offense, the seeds and stems
would have had to weigh at least 20 pounds.  This is unlikely.  Failure to
reweigh is not ineffective assistance if reweighing would not help the
defendant=s case.

 

Id. at *5. 
However, even if a motion to reweigh the marihuana would have been more
appropriate in this case than in Garcia, appellant has not demonstrated
that the lab did not remove the seeds and stalks prior to weighing or that
reweighing the marihuana without them would have resulted in a weight of less
than five pounds and therefore a lesser offense.  As a result, even if
appellant could satisfy the first prong of the Strickland test, he
cannot establish a reasonable probability that the outcome of the proceeding
would have been different.  See Kober v. State, 988 S.W.2d 230, 233
(Tex. Crim. App. 1999).