ACCEPTED
06-14-00220-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/18/2015 11:11:55 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00220-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/19/2015 10:11:00 AM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS

## SIXTH DISTRICT

## AT TEXARKANA, TEXAS

_____

## SHAHID KARRIEM ANSARI,III, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

_____

## APPEAL IN CAUSE NUMBER 27,739

## IN THE 354TH JUDICIAL DISTRICT COURT

## OF HUNT COUNTY, TEXAS

_____

## BRIEF FOR APPELLANT

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Counsel for Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

# IDENTITY OF PARTIES AND COUNSEL

**Appellate Attorney:**
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403

**Appellant's Trial Attorney:**
Christopher L. Castanon
200 E. Lamar Blvd., Suite 600
Arlington, TX  76006

**Appellee:**
The State of Texas by and through
Lauren Hudgeons
Asst. Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ............................................................2

Table of Contents ......................................................................................3

Index of Authorities ....................................................................................4

Statement of the Case ................................................................................5

Statement of the Facts................................................................................6

Issues and Authorities.................................................................................7

      **Ineffective Assistance of Counsel**...................................................7

Conclusion and Prayer for relief...................................................................14

Certificate of compliance of typeface and Word Count............................ 15

Certificate of Service.................................................................................16

# INDEX OF AUTHORITIES

**FEDERAL CASE:**

*Strickland v. Washington*, 466 U.S. 668 (1984)............................................8

**STATE CASES:**

*Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979) ......................8

*Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984) ..................7

*Eddie v. State*, 100 S.W.3d 437 (Tex.App.—Texarkana 2002) .................10

*Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) ...................8

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ............7

*Hall v. State*, 161 S.W.3d 142,  (Tex. App.—Texarkana 2005, pet. ref'd).....8

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).................7

*Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) .......................8

*Toupal v. State,* 926 S.W.2d 606, 608 (Tex.App.-Texarkana 1996,

no pet.) ....................................................................................................10

*Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002) .........8

**STATE STATUTES**

TEX. HS. CODE ANN §481.121 (Casemaker 2015) ..................................9

TEX. PEN. CODE ANN §36.06(c) (Casemaker 2015) ...............................9

## STATEMENT OF THE CASE

This is an appeal of the judgment and sentence in a criminal case for the 354th Judicial District, in Hunt County, Texas. Appellant originally Plead Guilty and signed a Judicial confession of the crime of Burglary of Habitation on July 3, 2012. The court honored a plea bargain and assessed Appellant 6 years deferred probation. The state file a Motion to revoke on April 16, 2013 and the trial court sentenced Appellant to 90 day confinement in the Hunt County Jail as a sanction and dismissed that motion to revoke on August 1, 2013. (CR Vol. 1 p. 92). A final motion to revoke hearing was held on November 20, 2014, and the trial court sentence Appellant to 7 years TDCJ.

Notice of appeal was given on November 26, 2014 in the trial court. The reporter's record was filed on May 21, 2015

## STATEMENT OF THE FACTS

Plead Guilty and signed a judicial confession of the crime of Burglary of Habitation on July 3, 2012. The court honored a plea bargain and assessed Appellant 6 years deferred probation.

Attorney Chris Castanon was appointed for appellant on November 6, 2014. (CR Vol. 1 p. 119). The State filed an amended Motion to revoke on November 13, 2014. (CR Vol. 1 p. 121). That same day Attorney Castanon informed the Court that Appellant would be pleading true to Paragraphs 1, 2, and 6 of the amended Motion to revoke. (RR Vol. 18 p. 5-7). The trial court conducted a brief hearing on November 20, 2014.

## ISSUE AND AUTHORITIES

## Ineffective Assistance of Counsel

Any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), aff'd, 106 S.W.3d 103 (Tex. Crim. App. 2003). Appellant bears the burden of proving that counsel was ineffective by a preponderance of the evidence. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). A reviewing court will rarely be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of the claim involving ineffective assistance claims. *Thompson*, 9 S.W.3d at 813. Granted, "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. Id. at 813–14.

Nonetheless the two-pronged Strickland test handed down by the United States Supreme Court to determines whether Defendant received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

First, Defendant must show that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms. *Strickland*, at 687–88. It is true, that here is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id.* at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, courts will not second-guess the strategy of trial counsel at trial through hindsight. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

Second, *Strickland's* prejudice prong requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Smith*, 286 S.W.3d at 340. Strickland requires the applicant to establish, by a preponderance of the evidence, that the harm resulting from trial counsel's deficiency undermines the confidence in the trial's outcome. *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013).

## Ineffectiveness through failure to develop a defense

In a case such as this, Appellant can find no prevailing professional norm that would justify not eliciting mitigating evidence either from the Appellant or other witness.   Moreover no sound trial strategy could justify the lack of not even eliciting evidence of probation on other charges or how long he would be on probation severity of the charges.  It is apparent from the record that trial counsel made no meaningful investigation into the facts of the case.

Trial Counsel for the Appellant spent a mere page and a half of cross examination of the state's only witness at the motion to revoke hearing. Appellant gave testimony for approximately 6 pages in the record.

In this case the State alleged a marijuana charge that appears from the record, is a state jail felony, and is far less than the sentence imposed in this case.  TEX. HS. CODE ANN §481.121 (Casemaker 2015).

Moreover the state also alleged that Appellant committed an offence of obstruction, as alleged appears to be a third degree felony in this case, again a potentially lesser sentence.  (CR Vol. 1 p. 121), TEX. PEN. CODE ANN §36.06(c) (Casemaker 2015).

Counsel merely asked how many children Appellant has, and what their ages were.  (RR Vol. 19 p. 15). Counsel made no inquiry as to the duties or other responsibilities he had as they related to the children.

Granted this Court has previously found that in a guilty plea, counsel need not undertake the same magnitude of independent factual investigation when the defendant knowingly and voluntarily pleads guilty to the alleged offense as would be required in a contested proceeding. *Toupal v. State, 926* S.W.2d 606, 608 (Tex.App.-Texarkana 1996, no pet.). Similarly, where a defendant pleads "true" to allegations, Courts hold that failure to conduct a full-fledged independent investigation of the facts does not necessarily result in counsel rendering constitutionally ineffective assistance. *Eddie v. State,* 100 S.W.3d 437 (Tex.App.—Texarkana 2002).

Yet, the allegation that Appellant committed an offence of possession of marihuana first appears in the state's Amended Motion to revoke that was only filed on November 13, 2014.  This new allegation occurred only eight days after trial counsel was appointed and made at trial counsel's first court appearance.  At the November 13, 2014 the trial court inquired the status of the "December 13, 2013 and the July 31st of 2014" allegations a break was held and the Appellant plead true.  (RR Vol. 18. p. 4-6)  Without asserting that a full-fledged independent investigation of the facts was

10

necessarily needed; no meaningful investigation could have occurred at a break. Moreover the final hearing was a mere week later, and trial counsel could not have made a meaningful basic investigation to prepare a defense or gather mitigating evidence.

Trial counsel's deficiency undermines the confidence in the trial's outcome by a preponderance of the evidence because the lack evidence to counter the state's allegations created a completely unlevelled playing field in favor of the state. Therefore Appellant was given effective assistance of counsel.

**Ineffectiveness through Failure to object revocation base on paragraph six.**

In the State's "Second Amended Motion for Revoke Community Supervision" they allege in relevant part:

"1. Said defendant on or about the 13th day of December 2013, in the County of Dallas State of Texas, did intentionally obstruct a person he knew to be a peace officer, namely Matthew Elliott, a officer by Dallas Marshall's Office from effecting an arrest, search or transport of defendant by using force against the peace officer.
2. Said defendant on or about the 31st day of July 2014, in the County of Dallas, State of Texas, did intentionally and knowingly possess a usable quantity of marihuana in an amount of five pounds or less but more than 4 ounces.
6. Said defendant failed to complete Anger Management Class as ordered by the Court."

11

(CR Vol. 1. P.107-08).

Though Appellant's probation was revoked, at least in part, for not completing an anger management course. The trial court's order broadly states in paragraph 19, "Other Conditions: ANGER MANAGEMENT CLASSES."  (CR Vol. 1 p. 47).  It is not specifically ordered to take anger management classes by any time that is enforceable. The trial courts order on anger management classes does not specify how may classes to take or even a minimum number of hours that are needed to comply.

It is true that Appellant did admit to not taking an anger management class related to this probation, but there is no indication he was on notice what and when he was supposed to complete.  (RR Vol. 19 p. 12)

Appellant, by the terms of the Judgment setting out the terms of community supervision still could have otherwise be in compliance with the with that portion of the order of community supervision.  Thus, trial counsel clearly failed to elicit testimony or even argue against that allegation which had a reasonable probability to undermine the outcome of seven years TDCJ.

### *Strickland's* **prejudice prong**

But for trial counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different.

The trial court's statement was an unambiguous indication that had defendant complied with some of the terms of his probation, a lesser sentence would have been likely.  Therefore if it not for trial counsel's error a different outcome would have been likely.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his revocation of community supervision in the above entitled and numbered cause be reversed and remanded for a new hearing.  Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,


  /s/ Jason A. Duff_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403

Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,418, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____*/s/ Jason A. Duff*_____ _____

Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Sixth Court of Appeals, Texarkana, Texas and to Hunt County Attorney Joel D. Littlefield, on this the 18th day of August, 2015, by Electronic Filing and Service.


___*/s/ Jason A. Duff*_____
Jason A. Duff
Attorney for the Appellant