JOHN DEXTER LEONARD CATCHINGS V. STATE

No. 27,775. November 16, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Bernard A. Golding,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a trial without a jury on a plea of not guilty, appellant was assessed a fine of $100 and 3 days in jail for the offense of driving a motor vehicle upon a public highway while intoxicated.

The issue of appellant's state of sobriety was closely contested, but the finding of the trial judge that he was intoxicated at the time in question is supported by the evidence, which will be stated from the standpoint of the state.

The automobile driven by appellant was involved in a minor collision, at a street intersection, with an automobile driven by one Lee Ellis Tate. The collision occurred at about 6 P.M.

A number of witnesses who observed appellant at the scene of the collision expressed the opinion that he was intoxicated.

The facts stated by these witnesses were that he staggered; had difficulty with his speech, and smelled of alcohol.

Other testimony of the state was that appellant and his companion were at a "Drive-In" drinking beer from about 3:00 until after 5:00 P.M. on the day in question, one witness testifying that she served them beer three or four times before she left them there at 5 o'clock.

Some empty beer cans and an empty whisky bottle were found in the car.

As the trier of the facts, no jury being demanded, the trial judge chose to accept the state's version and to reject appellant's claim, supported by his own testimony and that of other witnesses, to the effect that he had consumed but one can of beer and was not intoxicated. We would not be authorized to disturb the findings of the trial judge on the disputed issue of appellant's intoxication.

Aside from his attack upon the sufficiency of the evidence, which is overruled, appellant urges that there is no valid complaint, and therefore no valid information.

There appears in the transcript the instrument which appellant refers to as the complaint. It is in the form of a complaint and was signed by B. D. Snow, the arresting officer, but was not filed in the county court at law where the case was tried.

This instrument purports to have been sworn to by B. D. Snow before W. C. Ragan, Justice of the Peace. However, the evidence shows that Snow did not appear before that officer but signed the instrument and left it with the clerk of the justice court.

This instrument appears to have been included in the transcript at appellant's request, but is not and could not be relied upon to support the information.

The complaint upon which the state relies was signed and sworn to by Rose Marie Murray, on information and belief. It appears to have been signed, sworn to and filed on the same day the information was presented and, if not invalid because of the matters hereinafter mentioned, supports the information.

The evidence shows that Rose Marie Murray, who signed this complaint, was at the time in question employed as a secretary in the office of the district attorney of Harris County, her immediate superior being Assistant District Attorney Wiebusch before whom she swore to the complaint. Wiebusch presented the information.

The complaint filed by Rose Marie Murray was based upon the information she received through "an offense report" and the instrument signed by Officer Snow, which was filed in the justice court and sent to the district attorney's office.

It is well settled that an information may be predicated upon a complaint or affidavit made upon information and belief. Branch's P.C., p. 248, Sec. 478.

It must, however, be the affidavit of a credible person. Art. 415 V.A.C.C.P.

In Kennedy v. State, 161 Texas Cr. R. 303, 276 S.W. 2d 291, 295, the writer, in dissenting from the holding that a complaint signed by an assistant district attorney before a fellow assistant district attorney was insufficient, suggested that the same rule might well be applied to the affidavit of an investigator for the district attorney's office.

In view of this, it is deemed proper to say that it is now the holding of this court that the rule applied in the Kennedy case will be confined to those of the prosecuting staff who are authorized to present informations and conduct prosecutions.

Rose Marie Murray was not an attorney at the time in question, was not an assistant district attorney but a secretary. She was a credible person authorized to make a valid complaint.

The judgment is affirmed.