**Charles Albert POWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45843.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Busch, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted by a jury on his plea of not guilty of the murder with malice of his wife, Bessie May Powers, and the jury assessed his punishment at life.

His counsel, retained on this appeal, admits in his brief that the evidence appears to be sufficient to support the jury's verdict. His sole ground of error is that appellant was denied the effective assistance of counsel contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States. His trial counsel was court appointed.

Williams v. Beto, 5 Cir. 1965, 354 F.2d 698, 704, often cited with approval by this Court, is authority for the proposition that "lack of effective representation by counsel means representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and correct it. It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing Court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for confer-

ence and preparation." See Pineda v. Bailey, 5 Cir. 1965, 340 F.2d 162; Johnson v. United States, 8 Cir. 1964, 329 F.2d 600; dissenting opinion in Ex parte Black, Tex. Cr.App., 457 S.W.2d 919; Ex parte Love, Tex.Cr.App., 468 S.W.2d 836.

■ Even so, an indigent's right to counsel means the right to effective counsel. It does not require "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592, 599. See, cf., Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

Without undertaking to relate the facts in detail, we observe, after reading the entire statement of the evidence adduced on the trial, that it showed appellant shot his wife twice with a 410 shotgun about midnight, under circumstances that entirely failed to raise any evidence of self-defense or otherwise to excuse, justify or mitigate the homicide. Deceased and appellant were separated and she had filed suit for divorce. She had written appellant a note requesting him to stay away from her. Upon going home that night, in company with the eyewitness, Nancy Witt and the children, as she started in the door, appellant shot her, and then reloaded the gun and shot her again as she lay on the ground. Either of the shots would have been fatal.

The appellant did not testify. He offered two witnesses in an effort to cast doubt on the ability of the two eyewitnesses to see what they testified to, and the evidence of the psychologist and medical doctor who had examined appellant, in an apparent effort, not to show insanity, but to mitigate the offense by showing that appellant may not have had a normal personality.

■ Appellant's court appointed attorney filed a motion for discovery, the first five paragraphs of which were granted by the court. Paragraph six requested "copies of all officers' reports, investigation reports and written communications given by the Houston Police Department and any officers thereof acting in connection with this cause." The court denied this point of his motion for discovery. Appellant complains because such motion did not request same as to the Harris County Sheriff's Department, which had conducted the investigation.

Whether he named the wrong investigating body was immaterial, as he was not entitled to their work product in any event. Art. 39.14, Vernon's Ann.C.C.P.; Campos v. State, Tex.Cr.App., 468 S.W.2d 81.

■ Appellant's next criticism of the trial attorney is that he elected to have the jury assess punishment and, at the same time, made application for probation which revealed a prior felony on its face. He again claims the filing of these two instruments indicated fundamental ignorance of criminal procedure on the part of appointed counsel. The record fails to reflect that the motion for probation was presented to the jury, and on the contrary, the court's charge to the jury omits any instruction with respect to probation. The motion thus served merely to put the court on notice that appellant was seeking probation from the court under the provisions of Art. 42.12, Sec. 3, V.A.C.C.P. It is clear that appellant's right to have the jury assess punishment in the first instance and subsequently apply to the court for probation was thus preserved. The procedure is an indication of an awareness of the applicable law and appellant's assertion of "fundamental ignorance" on the part of trial counsel is clearly untenable.

■ Appellant's court appointed attorney filed motions for discovery and obtained the court's order thereon, motion for bond setting and obtained an order thereon, motion for psychiatric examination and obtained evaluation, motion for probation to be considered by the court in the event of his conviction, motion to have the jury assess punishment and written

objections to the court's charge. He made numerous objections during the presentation of the evidence. He cross-examined all witnesses offered by the State, and presented the evidence of four witnesses. He argued the case fully and in accordance with the evidence in its most favorable light to Charles Albert Powers.

After reviewing the entire record, we fail to find that this trial was a farce or a mockery of justice, nor that appellant did not have effective representation of counsel.

Appellant's ground of error is overruled, and the judgment is affirmed.

Opinion approved by the Court.