**Charles M. BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47254.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Howard H. Hasting, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., John A. Hrncir and Richard D. Woods, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Charles M. Butler, appellant, pleaded guilty to an information charging him with theft of property of the value of fifty dollars ($50.00) or over, and waived a jury. The trial Court found him guilty and assessed his punishment at a term of ten (10) years in the Texas Department of Corrections.

Prior to the trial of this cause, on July 12, 1972, the court informed appellant that there was a defective indictment in his case, and that the State had elected to proceed against him on an information provided that appellant knowingly and willingly waived the indictment and elected to join the State in proceeding on information.

Appellant, knowingly and willingly in open court, waived his right to be prosecuted by a grand jury indictment and consented in writing to be charged by information. Art. 1.141, Vernon's Ann.C.C.P. After the trial court duly admonished appellant

in accordance with Art. 26.13, V.A.C.C.P., the plea of guilty was accepted by the court.

The State proceeded to offer its proof in the form of a sworn, written waiver and a consent to stipulation of testimony and stipulations. Appellant acknowledged in open court that he read and understood the waiver and stipulations, that he had signed the instruments and that the instruments were true and correct.

■ By the written waiver and consent to stipulations, appellant knowingly and voluntarily waived the appearance, confrontation, and cross-examination of any witnesses against him in this case. Appellant, with his counsel, consented to the introduction and stipulated to the veracity of testimony on behalf of the State contained in affidavits, written statements of witnesses and other documentary evidence.

The waiver and stipulations contained a judicial confession, to-wit:

"Defendant judicially confesses that on April 8, 1972, in Bexar County, Texas, he did unlawfully take one (1) automobile of the value of FIFTY DOLLARS ($50.00) or over from the possession of Martha Pollok without her consent, and with the intent then and there to appropriate the said automobile to his own use and benefit."

■ The judicial confession, taken alone, is sufficient to support the guilty plea. Soto v. State, Tex.Cr.App., 456 S.W. 2d 389.

Appellant initially complains that the conviction is void because the prosecution of this case was based on a void information in that the information was not supported by the affidavit of a credible person and that both the information and supporting affidavit contained unexplained changes made by hand.

■ Appellant contends that the information is void because the affidavit in support of said information was sworn to by a secretary, an agent of the Bexar County District Attorney; and, therefore, the affidavit was not sworn to by a credible person within the meaning of Art. 21.22, V.A. C.C.P. This contention is without merit. See Glass v. State, 162 Tex.Cr.R. 598, 288 S.W.2d 522; Catchings v. State, 162 Tex. Cr.R. 342, 285 S.W.2d 233.

■ The record reflects that the body of the complaint and information both appear originally to have had the date of the offense listed on the "10th day of July, A. D., 1972." On both instruments this date has been altered by hand to read the 8th day of April, 1972. Appellant contends that the alteration renders the affidavit and information void.

■ The record also reflects that the information and affidavit were executed on July 10, 1972. The inclusion of the July 10th date as the date of the offense was an obvious clerical error which was amended to reflect the actual date of the offense. In addition, by appellant's written waiver and stipulation, he admitted knowledge of the contents of the information. Appellant also judicially confessed that the instant offense occurred on April 8, 1972.

Appellant pleaded guilty and was duly and properly admonished as to the consequences of such plea. Appellant may not now be heard to complain of an obvious clerical error in the information. See Hicks v. State, Tex.Cr.App., 476 S.W.2d 671; Defore v. State, Tex.Cr.App., 460 S. W.2d 128.

Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that "a defendant may not waive his right to be held to answer for a felony unless on indictment of a grand jury."

This contention has been thoroughly discussed and disposed of by this court in King v. State, Tex.Cr.App., 473 S.W.2d 43. The

record reflects that the State complied with Article 1.141, V.A.C.C.P., and, in addition, the procedure recommended in King v. State, supra, has been followed.

Appellant's second ground of error is overruled.

Appellant lastly complains of ineffective and incompetent counsel.

 An indigent's right to counsel means the right to effective counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). It does not require "errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." Mac Kenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960); Powers v. State, Tex.Cr.App., 492 S.W.2d 274.

It appears that the only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. Lamb v. Beto, 423 F.2d 85, 87 (5th Cir. 1970), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84; Gotcher v. Beto, 444 F.2d 696 (5th Cir. 1971).

The record reflects that counsel was appointed for appellant on May 10, 1972, which was well before the trial date of July 12, 1972. Counsel was present when the plea was entered. The waiver of the arraignment after two days from service of a copy of the information, the waiver of the reading of the information, and the consent to the stipulation of testimony, all contain certificates by defense counsel that he explained the various instruments to appellant and that he understood his rights. Further, appellant elected in open court to join the State in proceeding on information; and after proper admonishment, he entered a plea of guilty.

After reviewing the entire record, we fail to find that this trial was a farce or a mockery of justice, nor that appellant did not have effective representation of counsel. See Pineda v. Bailey, 340 F.2d 162 (5th Cir. 1965); Ex parte Love, Tex.Cr. App., 468 S.W.2d 836; Powers v. State, Tex.Cr.App., 492 S.W.2d 274.

Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.