**Patti Haggerton TOUPAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–95–00093–CR.

Court of Appeals of Texas,
Texarkana.

June 6, 1996.

Ross Teter, Dallas, for appellant.

April E. Smith, Sue Korioth, Assistant District Attorneys, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT, J.

## OPINION

GRANT, Justice.

Patti Toupal appeals from her conviction for the offense of delivery of cocaine, less than twenty-eight grams. She was sentenced to fifteen years' confinement and a $1,500 fine, pursuant to a plea bargain. On appeal, she raises a single point of error in which she contends that her guilty plea was rendered involuntary because she received ineffective assistance of counsel.

■ Before a plea of guilty or nolo contendere may be accepted by the court, it must be freely and voluntarily given by a mentally competent defendant. TEX.CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). In determining whether a guilty plea made upon advice of counsel is constitutionally valid, we look to see whether counsel rendered effective representation for the defendant during the proceeding. *Ex parte Battle,* 817 S.W.2d 81, 84 (Tex.Crim.App.1991). The test for ineffective assistance of counsel during the plea process is to show that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense. *Battle,* 817 S.W.2d at 83 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show prejudice in the context of a guilty plea, the defendant must show a reasonable probability that, were it not for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).

Toupal contends that her counsel was ineffective because he did not conduct any independent investigation of the alleged crime or the circumstances surrounding it. Toupal had previously received probation in four other drug-related cases and had agreed to work as an undercover informant for the police, although she later refused to do so. In the present case, she was charged with selling cocaine to an undercover officer. The transaction was videotaped.

Toupal suggests that her attorney was ineffective because he did not conduct an independent investigation, check the laboratory report to determine whether the substance was actually cocaine, interview the person to whom the delivery was made, or view the videotape. At a hearing conducted on her motion for new trial, her attorney testified that he had not performed these acts because Toupal had admitted to him that she had committed the offense as alleged and that her version of the facts was not contradicted by the police reports.

■ The decision to plead guilty is the personal decision of the accused. *Jackson v. State,* 766 S.W.2d 504, 508 (Tex.Crim.App. 1985). The duty of counsel when a plea of guilty is entered is to ascertain whether the plea is being entered knowingly and voluntarily. *Butler v. State,* 499 S.W.2d 136, 139 (Tex.Crim.App.1973). (This *Butler* case (1973) is not to be confused with the 1986 *Butler* case cited later in this opinion. This 1973 *Butler* case involves a plea of guilty. The 1986 *Butler* case involves a jury trial.)

The Court of Criminal Appeals has determined that counsel's failure to independently investigate the facts surrounding the allegations against a defendant constitutes ineffective assistance of counsel. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App.1986); *Ex parte Lilly,* 656 S.W.2d 490, 493 (Tex.Crim. App.1983).[1] These cases, however, involve not-guilty pleas and should not be construed as the requirements for counsel when a defendant pleads guilty.

---

1. Two courts of appeals have relied upon these cases setting forth the counsel's responsibility in not-guilty cases in deciding the competency of counsel in nolo contendere cases. *Haynes v. State,* 790 S.W.2d 824, 827 (Tex.App.—Austin 1990, no pet.) (citing *Ex parte Duffy,* 607 S.W.2d 507, 517 (Tex.Crim.App.1980) (jury trial), and *Ex parte Raborn,* 658 S.W.2d 602 (Tex.Crim.App. 1983) (contested trial)); *Mitchell v. State,* 762 S.W.2d 916, 921 n. 10 (Tex.App.—San Antonio 1988, pet. ref'd) (citing *Butler v. State,* 716 S.W.2d 48 (Tex.Crim.App.1986), and *Ex parte Lilly,* 656 S.W.2d 490 (Tex.Crim.App.1983)). We do not find it necessary in the present case to determine if there is a distinction in the attorney's duty between a guilty plea and a nolo contendere plea.

**608**

■ The question in the present case is whether counsel's failure to independently investigate the facts surrounding the allegations against Toupal constitutes ineffective assistance of counsel. We do not believe that the same requirements set out by the Court of Criminal Appeals for the conduct of a defense attorney in a jury trial on the merits is required of an attorney representing a client who elects to enter a guilty plea after understanding all of his or her rights under the law. Because it is the defendant's decision to determine whether to plead guilty, *Jackson v. State*, 766 S.W.2d at 508, the duty of counsel in this context is to ascertain whether the plea is being entered knowingly and voluntarily. *Butler v. State*, 499 S.W.2d at 139; *Graves v. State*, 803 S.W.2d 342, 346 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We do not agree that the magnitude of independent factual investigation for a contested proceeding is necessary to protect a defendant's rights when the defendant knowingly and voluntarily pleads guilty to the alleged offense.

■ In the present case, the defendant admitted selling cocaine to an undercover officer. Trial counsel testified that Toupal suggested no facts to raise any of the possible defenses that she now espouses.[2] Trial counsel did review the police report to determine whether the facts therein agreed with the version of facts related by his client and testified that they matched in each regard. In such a situation, we do not discern any necessity for the level of factual investigation that is required to provide effective assistance of counsel at a trial on the merits. The facts were alleged by the State and were admitted to by the defendant. Counsel is required to determine whether any defenses to the commission of the crime may exist so counsel may protect the client's rights, but when no possible defenses appear, counsel is not required to pursue the investigation to the extent he or she would to prepare for a trial. Counsel's representation in this case

did not fall below an objective standard of reasonableness.

Even if the representation fell below that standard, Toupal has neither alleged on appeal nor shown beyond a reasonable probability that, were it not for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. There was nothing to suggest that a thorough factual investigation in this case would have revealed what Toupal did not tell her lawyer at the time of the guilty plea, but later swore to it in an affidavit. Thus, the prejudice prong of the review has also not been met. *Hill v. Lockhart*, 474 U.S. at 60, 106 S.Ct. at 371, 88 L.Ed.2d at 211.

The judgment of the trial court is affirmed.

---

2. Toupal stated by affidavit attached to her motion for new trial that she had not sold cocaine to the undercover agent, that the informant had offered to provide her with cocaine if she cooperated and identified persons involved in the sale of drugs, and that a government agent threatened to put her in prison and take away her child if she did not cooperate with their investigations by working for the State as an undercover informant.