Opinion filed September
30, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00020-CR

                                                    __________

 

                                  MEHRAN
KHAMISSI, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 368th District Court

 

                                                        Williamson
County, Texas

 

                                                Trial
Court Cause No. 08-827-K368

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Mehran
Khamissi appeals from an adjudication of guilt for the offense of engaging in
organized criminal activity.  The trial court sentenced him to two years confinement
in the Texas Department of Criminal Justice, State Jail Division.  We affirm.

Background
Facts

            Appellant
originally pleaded guilty to the offense of engaging in organized criminal
activity.  The trial court deferred adjudication and placed appellant on
community supervision for four years.  The State filed a motion to adjudicate
alleging three violations of appellant’s community supervision.  The State
alleged that appellant violated his community supervision by committing the
offenses of assault and terroristic threat and by violating his curfew.  The
trial court held a hearing on the State’s motion to adjudicate.  Appellant
pleaded true to the allegation that he committed the offense of assault and not
true to the allegations that he committed the offense of terroristic threat and
that he violated his curfew.  The State waived the terroristic threat and
violation of curfew allegations and proceeded on the assault allegation.  At
the hearing, the State offered the judgment of guilt from the assault case.  In
that cause, appellant entered a plea of nolo contendere, and the trial court
found him guilty and placed him on community supervision for two years.  At the
hearing on the motion to adjudicate, the State also presented testimony from
the complaining witness in the assault case. The trial court found the
allegation to be true and adjudicated appellant guilty.

            Appellant
filed a motion for new trial asserting that his plea of true to the assault allegation
contained in the motion to adjudicate was not freely and voluntarily given,
that he received ineffective assistance of counsel, and that the trial court’s
finding that he violated his community supervision by committing an assault was
based on perjured testimony.  Initially, the trial court did not hold a hearing
on appellant’s motion for new trial, and it was overruled by operation of law. 
In his appeal, appellant asserted that the trial court abused its discretion in
failing to conduct a hearing on the motion for new trial.  This court abated
the appeal and remanded this cause back to the trial court for it to conduct a
hearing on appellant’s motion for new trial.  The trial court held a hearing
and denied appellant’s motion for new trial.

Issue
on Appeal

            Appellant
asserts that the trial court erred in failing to grant his motion for new
trial.[1]


Standard
of Review

            We
review a trial court’s denial of a motion for new trial under an abuse of
discretion standard.  Hawkins v. State, 135 S.W.3d 72, 76-77 (Tex. Crim.
App. 2004).  An abuse of discretion occurs when the trial court acts in an
unreasonable or arbitrary manner or when it acts without reference to any guiding
principles.   Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).
 We are mindful of the fact that the trial court is the sole arbitrator of the
credibility of the witnesses and evidence offered.  Charles v. State,
146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  We will not substitute our
judgment for that of the trial court but, instead, will review the evidence in
the light most favorable to the ruling to determine if the trial court abused
its discretion.  Webb, 232 S.W.3d at 112.

Analysis

A. 
Recantation of victim testimony.

A new trial shall be granted when material evidence
favorable to the accused has been discovered since trial.  Tex. Code Crim. Proc. Ann. art. 40.001
(Vernon 2006).  The retraction of a witness’s trial testimony is considered to
be newly discovered evidence.  Keeter v. State, 74 S.W.3d 31, 37 (Tex.
Crim. App. 2002).  In order to be entitled to a new trial under this statute, a
defendant must show that: (1) the newly discovered evidence was unknown to him
at the time of trial; (2) his failure to discover the new evidence was not due
to his lack of due diligence; (3) the new evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching; and (4) the new evidence
is probably true and will probably bring about a different result in a new
trial.  Keeter, 74 S.W.3d at 36-37.  The trial court determines the
credibility of the witnesses and whether the new evidence is probably true.  Id.
 at 37.  The “probably true” requirement means that the whole record presents
no good cause to doubt the credibility of the witness whose testimony
constitutes the new evidence.  Id. at 38 (quoting Jones v. State,
711 S.W.2d 35, 36 (Tex. Crim. App. 1986)).  The trial court acts within its
discretion in disbelieving a recantation as long as the record provides some
basis for disbelieving the testimony.  Id. 

             Rocio
Espinoza testified at the hearing on the motion to adjudicate appellant’s
guilt.  She testified that she and appellant were in a relationship when he
came to her house and began assaulting her.  He slapped her on the left side of
her face, grabbed her one-handed by the neck, slammed her against the wall, and
struck her on the left thigh with a plastic hanger.  Espinoza testified that
some of the things she told the police officer investigating the alleged assault
were not true.  She further testified that she was not scared of appellant and
that she was at the trial because she wanted to be there.

            At
the hearing on the motion for new trial, Espinoza testified that the statements
that she told the police regarding the assault were not true.  She said that appellant
did not hit her on her face, strike her with a clothes hanger on her left
thigh, grab her by the throat, hold her against the wall, or threaten to shoot
her if she called the police.  She further testified that the testimony she
gave at the hearing to adjudicate was not true.  She testified that she lied
about appellant assaulting her because she was mad at appellant for still being
in contact with an old girlfriend.   Espinoza testified that no one was
pressuring her to change her testimony.

            Appellant
argues that he should be entitled to a new trial based on Espinoza’s
recantation.  We disagree.  The evidence fails to show that Espinoza’s recantation
was probably true.  In fact, the trial court stated that it found Espinoza’s
testimony to be untruthful.  It is not unreasonable for the trial court to find
that Espinoza was not credible.  At the adjudication hearing, she testified that
she lied to the police about some things during the investigation of the
assault.  Then, at the hearing on the motion for new trial, she changed her
testimony by stating that she lied to the police about the whole assault and
that she lied to the court at the hearing on the motion to adjudicate.  “[I]t
is impossible to know with any certainty which of the complainant’s statements
are true.”  Ex parte Tuley, 109 S.W.3d 388, 401 (Tex. Crim. App. 2002) (citing
Ex parte Elizondo, 947 S.W.2d 202, 216 n.1 (Tex. Crim. App. 1996)
(Womack, J., dissenting) (pointing out the weakness of the testimony of a
recanting witness whose testimony is always the “last time I was on the witness
stand I didn’t tell the truth”)). The trial court did not abuse its discretion
in not finding Espinoza’s recantation credible.

            B. 
Voluntariness of Plea.

            A
plea must be entered knowingly, intelligently, and voluntarily.  Boykin v.
Alabama, 395 U.S. 238, 243 (1969); Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App. 2006).  For a plea to be voluntary, it must be the expression
of the defendant’s own free will and must not be induced by threats,
misrepresentations, or improper promises.  Brady v. United States, 397
U.S. 742, 755 (1970); Kniatt, 206 S.W.3d at 664.  In determining the
voluntariness of a plea, we consider all the relevant circumstances surrounding
it.  State v. Collazo, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st
Dist.] 2007, pet. ref’d).  A defendant’s sworn representation that his guilty
plea is voluntary “constitute[s] a formidable barrier in any subsequent
collateral proceedings.”  Id. (quoting Blackledge v. Allison, 431
U.S. 63, 74 (1977)).

            Appellant
asserts in his motion for new trial that his plea of true to the allegation
that he committed an assault was involuntary because he only pleaded true as a
result of the prosecutor’s threat to file perjury charges against him.  Pursuant
to a plea bargain, appellant entered a plea of no contest to an assault charge
out of Travis County.  The trial court in that cause found appellant guilty of
the assault.  The State used that conviction to support its allegation of
assault in the motion to adjudicate.

            Mike
Luna testified that he represented appellant in the assault charge out of
Travis County, as well as in the motion to adjudicate that is the subject of
this appeal.  He testified that, in discussing the case with the prosecutor, he
was given the impression that, if appellant pleaded not true to the assault
allegation, the State would file perjury charges against him.  Luna also
testified that, during plea negotiations, the prosecutor informed him that the
State would drop the other two allegations in the motion to adjudicate if
appellant pleaded true to the assault allegation.  When Luna discussed the plea
offer with appellant, he told appellant that, if he entered a plea of not true
to the assault allegation, he could be prosecuted for perjury.  Luna also told
appellant that, if he pleaded true and had the other two allegations dismissed,
he might receive a lighter sentence than if he pleaded not true.

            Robert
McCabe, the prosecutor, testified that Luna told him that appellant intended to
plead not true to the assault allegation.  McCabe testified that he was
surprised because he had the judgment of guilt for the assault.  McCabe
testified that he told Luna, “So, Mr. Luna, he’s going to get up there and
perjure himself.”  McCabe said that he did not tell Luna that he would
prosecute appellant for perjury if he pleaded not true.  He testified that he
offered the following plea agreement:  in exchange for appellant’s plea of true
to the assault allegation, the State would dismiss the other two allegations in
the motion to adjudicate.

            We
conclude that appellant’s plea was voluntary.  Appellant entered a sworn plea
of true.  When asked by the trial court if he was pleading true because the
allegation of assault was true and for no other reason, appellant answered, “Yes.” 
The record supports several reasons why appellant’s plea was voluntary.  First,
the State was ready to prove up the assault
allegation.  Espinoza was ready to testify as to the events of the assault, and
the State was prepared to enter the judgment from the assault case into
evidence.  Second, appellant knew that, if he pleaded true to the assault
allegation, the State would dismiss the other two allegations and that the
trial court might give him a lighter sentence based on that plea.

            Moreover, the trial court could have
disbelieved Luna’s testimony that the prosecutor threatened to file perjury
charges if appellant pleaded not true.  The trial court is the sole
judge of the credibility of the witness.  Charles, 146 S.W.3d at
208.   It may choose
to believe all, some, or none of the testimony presented.  Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).  The trial court is in the best position to
determine the weight to be given contradictory testimonial evidence because
that determination turns on an evaluation of credibility and demeanor.  Id.  The trial court
did not err in finding that appellant’s plea of true was voluntary. 

            C. 
Ineffective Assistance of Counsel.

            To
prevail on a claim of ineffective assistance of counsel, an appellant must show
that his lawyer’s performance fell below an objective standard of
reasonableness and that there is a reasonable probability that the result of
the proceeding would have been different but for counsel’s deficient
performance.  Strickland v. Washington, 466 U.S. 668, 693-94 (1984).  The
defendant must prove objectively, by a preponderance of the evidence, that his
counsel’s representation fell below professional standards.  Mitchell v.
State, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002).  The second prong
requires the defendant to show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In the
plea context, a defendant must show that, but for counsel’s errors, he would
not have pleaded guilty and would have insisted on going to trial.  Ex parte
Briggs, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); Starz v. State,
309 S.W.3d 110 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).  The only
required duty of counsel when a plea of guilty is entered is that counsel
should ascertain if the plea is entered voluntarily and knowingly.  Butler
v. State, 499 S.W.2d 136, 139 (Tex. Crim. App. 1973); Starz, 309
S.W.3d at 118.  A guilty plea based on erroneous information conveyed by trial
counsel to the defendant is involuntary.  Fimberg v. State, 922 S.W.2d
205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).

            Appellant
argues that he received ineffective assistance of counsel because his counsel
gave him erroneous advice that he could be prosecuted for perjury if he pleaded
not true to the assault allegation.  Appellant testified at the hearing on the
motion for new trial that his plea of true was not voluntary because it was
based on this erroneous advice.  However, he also testified that the State’s
agreement to dismiss the other two allegations in exchange for his plea of true
to the assault allegation influenced his decision to plead true.  Appellant
also testified that the possibility of receiving a harsher sentence if he
pleaded not true and the State proved the allegation to be true and the fact
that Espinoza was present to testify regarding the allegation of assault
influenced his decision to plead true.  The record indicates that appellant
would have pleaded true even without the threat of prosecution for perjury. 
Appellant has not proven that his plea of true was based on erroneous
information from his counsel.

            Moreover,
as discussed above, the trial court was free to disbelieve the testimony of
Luna and appellant.  The trial court’s denial of the motion for new trial
supports the conclusion that the trial court did not find the testimony of Luna
and appellant credible.  The trial court did not abuse its discretion in
denying appellant’s motion for new trial.  We overrule appellant’s issue on
appeal.  

Conclusion

            The
judgment of the trial court is affirmed.

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

September 30,
2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant asserted in his second issue on appeal that
the trial court abused its discretion in refusing to conduct a hearing on
appellant’s motion for new trial.  Because this court abated the appeal and
ordered the trial court to hold a hearing on the motion for new trial, that issue
is now moot.