Opinion filed September 30, 2010



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00020-CR

_____

## MEHRAN KHAMISSI, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 368th District Court**

**Williamson County, Texas**

**Trial Court Cause No. 08-827-K368**

## MEMORANDUM OPINION

Mehran Khamissi appeals from an adjudication of guilt for the offense of engaging in organized criminal activity. The trial court sentenced him to two years confinement in the Texas Department of Criminal Justice, State Jail Division. We affirm.

*Background Facts*

Appellant originally pleaded guilty to the offense of engaging in organized criminal activity. The trial court deferred adjudication and placed appellant on community supervision for four years. The State filed a motion to adjudicate alleging three violations of appellant's community supervision. The State alleged that appellant violated his community supervision by committing the offenses of assault and terroristic threat and by violating his curfew. The trial

court held a hearing on the State's motion to adjudicate. Appellant pleaded true to the allegation that he committed the offense of assault and not true to the allegations that he committed the offense of terroristic threat and that he violated his curfew. The State waived the terroristic threat and violation of curfew allegations and proceeded on the assault allegation. At the hearing, the State offered the judgment of guilt from the assault case. In that cause, appellant entered a plea of nolo contendere, and the trial court found him guilty and placed him on community supervision for two years. At the hearing on the motion to adjudicate, the State also presented testimony from the complaining witness in the assault case. The trial court found the allegation to be true and adjudicated appellant guilty.

Appellant filed a motion for new trial asserting that his plea of true to the assault allegation contained in the motion to adjudicate was not freely and voluntarily given, that he received ineffective assistance of counsel, and that the trial court's finding that he violated his community supervision by committing an assault was based on perjured testimony. Initially, the trial court did not hold a hearing on appellant's motion for new trial, and it was overruled by operation of law. In his appeal, appellant asserted that the trial court abused its discretion in failing to conduct a hearing on the motion for new trial. This court abated the appeal and remanded this cause back to the trial court for it to conduct a hearing on appellant's motion for new trial. The trial court held a hearing and denied appellant's motion for new trial.

*Issue on Appeal*

Appellant asserts that the trial court erred in failing to grant his motion for new trial.[1]

*Standard of Review*

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). An abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding principles. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We are mindful of the fact that the trial court is the sole arbitrator of the credibility of the witnesses and evidence offered. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We will not substitute our judgment for that of the trial court but, instead, will review the evidence in the light most favorable to the ruling to determine if the trial court abused its discretion. *Webb*, 232 S.W.3d at 112.

---

[1]Appellant asserted in his second issue on appeal that the trial court abused its discretion in refusing to conduct a hearing on appellant's motion for new trial. Because this court abated the appeal and ordered the trial court to hold a hearing on the motion for new trial, that issue is now moot.

*Analysis*

A. *Recantation of victim testimony.*

A new trial shall be granted when material evidence favorable to the accused has been discovered since trial. TEX. CODE CRIM. PROC. ANN. art. 40.001 (Vernon 2006). The retraction of a witness's trial testimony is considered to be newly discovered evidence. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). In order to be entitled to a new trial under this statute, a defendant must show that: (1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *Keeter*, 74 S.W.3d at 36-37. The trial court determines the credibility of the witnesses and whether the new evidence is probably true. *Id.* at 37. The "probably true" requirement means that the whole record presents no good cause to doubt the credibility of the witness whose testimony constitutes the new evidence. *Id.* at 38 (quoting *Jones v. State*, 711 S.W.2d 35, 36 (Tex. Crim. App. 1986)). The trial court acts within its discretion in disbelieving a recantation as long as the record provides some basis for disbelieving the testimony. *Id.*

Rocio Espinoza testified at the hearing on the motion to adjudicate appellant's guilt. She testified that she and appellant were in a relationship when he came to her house and began assaulting her. He slapped her on the left side of her face, grabbed her one-handed by the neck, slammed her against the wall, and struck her on the left thigh with a plastic hanger. Espinoza testified that some of the things she told the police officer investigating the alleged assault were not true. She further testified that she was not scared of appellant and that she was at the trial because she wanted to be there.

At the hearing on the motion for new trial, Espinoza testified that the statements that she told the police regarding the assault were not true. She said that appellant did not hit her on her face, strike her with a clothes hanger on her left thigh, grab her by the throat, hold her against the wall, or threaten to shoot her if she called the police. She further testified that the testimony she gave at the hearing to adjudicate was not true. She testified that she lied about appellant assaulting her because she was mad at appellant for still being in contact with an old girlfriend. Espinoza testified that no one was pressuring her to change her testimony.

Appellant argues that he should be entitled to a new trial based on Espinoza's recantation. We disagree. The evidence fails to show that Espinoza's recantation was probably true. In fact,

3

the trial court stated that it found Espinoza's testimony to be untruthful. It is not unreasonable for the trial court to find that Espinoza was not credible. At the adjudication hearing, she testified that she lied to the police about some things during the investigation of the assault. Then, at the hearing on the motion for new trial, she changed her testimony by stating that she lied to the police about the whole assault and that she lied to the court at the hearing on the motion to adjudicate. "[I]t is impossible to know with any certainty which of the complainant's statements are true." *Ex parte Tuley*, 109 S.W.3d 388, 401 (Tex. Crim. App. 2002) (citing *Ex parte Elizondo*, 947 S.W.2d 202, 216 n.1 (Tex. Crim. App. 1996) (Womack, J., dissenting) (pointing out the weakness of the testimony of a recanting witness whose testimony is always the "last time I was on the witness stand I didn't tell the truth")). The trial court did not abuse its discretion in not finding Espinoza's recantation credible.

### B. Voluntariness of Plea.

A plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). For a plea to be voluntary, it must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Kniatt*, 206 S.W.3d at 664. In determining the voluntariness of a plea, we consider all the relevant circumstances surrounding it. *State v. Collazo*, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Appellant asserts in his motion for new trial that his plea of true to the allegation that he committed an assault was involuntary because he only pleaded true as a result of the prosecutor's threat to file perjury charges against him. Pursuant to a plea bargain, appellant entered a plea of no contest to an assault charge out of Travis County. The trial court in that cause found appellant guilty of the assault. The State used that conviction to support its allegation of assault in the motion to adjudicate.

Mike Luna testified that he represented appellant in the assault charge out of Travis County, as well as in the motion to adjudicate that is the subject of this appeal. He testified that, in discussing the case with the prosecutor, he was given the impression that, if appellant pleaded not true to the assault allegation, the State would file perjury charges against him. Luna also testified that, during plea negotiations, the prosecutor informed him that the State would drop the

other two allegations in the motion to adjudicate if appellant pleaded true to the assault allegation. When Luna discussed the plea offer with appellant, he told appellant that, if he entered a plea of not true to the assault allegation, he could be prosecuted for perjury. Luna also told appellant that, if he pleaded true and had the other two allegations dismissed, he might receive a lighter sentence than if he pleaded not true.

Robert McCabe, the prosecutor, testified that Luna told him that appellant intended to plead not true to the assault allegation. McCabe testified that he was surprised because he had the judgment of guilt for the assault. McCabe testified that he told Luna, "So, Mr. Luna, he's going to get up there and perjure himself." McCabe said that he did not tell Luna that he would prosecute appellant for perjury if he pleaded not true. He testified that he offered the following plea agreement: in exchange for appellant's plea of true to the assault allegation, the State would dismiss the other two allegations in the motion to adjudicate.

We conclude that appellant's plea was voluntary. Appellant entered a sworn plea of true. When asked by the trial court if he was pleading true because the allegation of assault was true and for no other reason, appellant answered, "Yes." The record supports several reasons why appellant's plea was voluntary. First, the State was ready to prove up the assault allegation. Espinoza was ready to testify as to the events of the assault, and the State was prepared to enter the judgment from the assault case into evidence. Second, appellant knew that, if he pleaded true to the assault allegation, the State would dismiss the other two allegations and that the trial court might give him a lighter sentence based on that plea.

Moreover, the trial court could have disbelieved Luna's testimony that the prosecutor threatened to file perjury charges if appellant pleaded not true. The trial court is the sole judge of the credibility of the witness. *Charles*, 146 S.W.3d at 208. It may choose to believe all, some, or none of the testimony presented. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The trial court is in the best position to determine the weight to be given contradictory testimonial evidence because that determination turns on an evaluation of credibility and demeanor. *Id.* The trial court did not err in finding that appellant's plea of true was voluntary.

*C. Ineffective Assistance of Counsel.*

To prevail on a claim of ineffective assistance of counsel, an appellant must show that his lawyer's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984). The

5

defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002). The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In the plea context, a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); *Starz v. State*, 309 S.W.3d 110 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The only required duty of counsel when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. *Butler v. State*, 499 S.W.2d 136, 139 (Tex. Crim. App. 1973); *Starz*, 309 S.W.3d at 118. A guilty plea based on erroneous information conveyed by trial counsel to the defendant is involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Appellant argues that he received ineffective assistance of counsel because his counsel gave him erroneous advice that he could be prosecuted for perjury if he pleaded not true to the assault allegation. Appellant testified at the hearing on the motion for new trial that his plea of true was not voluntary because it was based on this erroneous advice. However, he also testified that the State's agreement to dismiss the other two allegations in exchange for his plea of true to the assault allegation influenced his decision to plead true. Appellant also testified that the possibility of receiving a harsher sentence if he pleaded not true and the State proved the allegation to be true and the fact that Espinoza was present to testify regarding the allegation of assault influenced his decision to plead true. The record indicates that appellant would have pleaded true even without the threat of prosecution for perjury. Appellant has not proven that his plea of true was based on erroneous information from his counsel.

Moreover, as discussed above, the trial court was free to disbelieve the testimony of Luna and appellant. The trial court's denial of the motion for new trial supports the conclusion that the trial court did not find the testimony of Luna and appellant credible. The trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's issue on appeal.

*Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

September 30, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.