Opinion issued
February 24, 2011

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00254-CR

NO. 01-10-00255-CR

———————————

DEZMAN DURAN SCOTT, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 178th
District Court 

Harris County, Texas

Trial Court Case Nos. 1157530
& 1227808



 



 

 

 

 

 

 

 

MEMORANDUM  OPINION

          Appellant,
Dezman Duran Scott, was charged by indictment with the offense of aggravated
robbery.[1]  See Tex. Penal
Code Ann. § 29.03 (Vernon
2003).  In a separate indictment,
appellant was charged with the offense of aggravated assault.[2]  See Tex.
Penal Code Ann. § 22.02 (Vernon Supp.
2010).  Appellant pleaded guilty to both offenses and pleaded true to one
enhancement allegation in each case.  

Following the preparation of
a presentence investigation (“PSI”) report, the trial court conducted a
sentencing hearing.  At the hearing, the
trial court found appellant guilty of each offense, found the enhancement
allegations to be true, and found the deadly-weapon allegations contained in
the indictments to be true.  The trial
court sentenced appellant to 30 years in prison for each offense, with the
sentences to run concurrently.  In one point
of error, appellant contends that he received ineffective assistance of counsel
in the trial court.  

          We
affirm the judgment in each appellate cause. 

Background

          On March 6, 2008,
14-year-old D.W. was home alone. 
Unbeknownst to D.W., appellant, a stranger to D.W., entered the
home.  Appellant held D.W. at gunpoint
while he collected items to steal. 
Before appellant left, D.W.’s mother, Yolanda, and other family members
returned home.  Appellant threatened
Yolanda with the gun and fled.

          Several
days later, the complainants spotted appellant working at a neighborhood fast
food restaurant.  The complainants contacted
the police, who arrested appellant.  The
police found several items in appellant’s backpack that had been taken from the
complainants’ home.  

          In three separate
indictments, appellant was charged with the offense of aggravated robbery and
with two offenses of aggravated assault. 
The indictments also contained a single enhancement paragraph alleging
that appellant had been convicted of the felony offense of burglary of a
habitation in 2005.  

          Appellant
pleaded guilty to the charge of aggravated robbery and to one of the charges of
aggravated assault.  He also pleaded true
to the enhancement allegation in each indictment.  

Before his pleas, the trial
court orally admonished appellant regarding the consequences of his plea.  The trial court also reviewed the plea papers
and written admonishments that appellant had signed.  

The trial court explained to
appellant that, if proven, the enhancement allegation in each indictment
increased the applicable sentencing range for each offense.  The trial court informed appellant that if
the State met its burden of proof at trial regarding the primary offense of
aggravated robbery and the enhancement allegation, the sentencing range was 15
to 99 years in prison and up to a $10,000 fine. 
The trial court also informed appellant that, if the aggravated assault
offense and the enhancement allegation were proven at trial, the sentencing
range was 5 to 99 years in prison and up to a $10,000 fine.  

          In
each case, the written stipulation of evidence and judicial confession signed
by appellant provided that, following a PSI and a sentencing hearing, the State
would recommend to the trial court that appellant be sentenced to a minimum of
15 years in prison.  A handwritten
notation in the plea papers noted that such recommendation was without an
agreed recommendation regarding punishment. 
The trial court reviewed this provision with appellant.  The trial court further said to appellant,
“There is no plea bargain, per se, there’s [sic] recommendations.  You will have the right to appeal whatever I
assess in this case.”  

          After
the trial court finished reviewing the plea papers, appellant pleaded guilty to
the offenses of aggravated robbery and aggravated assault.  Appellant pleaded true to the enhancement
allegation in each indictment.  Following
the pleas, the trial court stated that it found the pleas to be knowing and
voluntary and accepted appellant’s pleas. 
The court noted that it would wait until receiving the PSI report and
conducting the punishment hearing to make its guilt findings, although it had
sufficient evidence to find appellant guilty of each offense at that time.  

          Only
then did the State inform the trial court that it would be filing a motion to
dismiss the second charge of aggravated assault to which appellant had not
pleaded guilty.  The court indicated that
it would sign an order granting the motion. 


          A PSI
report was prepared and admitted into evidence at the sentencing hearing.  D.W. and Yolanda also testified for the State.  They described the events of March 6, 2008,
when appellant came into their home, held D.W. at gunpoint while stealing
items, and then threatened Yolanda with a gun when she returned home.  D.W. also testified that, at the time, she
thought that appellant would kill her. 
After the robbery, D.W. had nightmares, refused to return to her
mother’s house, and underwent therapy. 
She stated that she continues to live with the fear that someone will
come into her home.  Yolanda also
testified regarding her daughter’s trauma. 

          In its
closing argument, the State requested that appellant be sentenced to 30 years
in prison for each offense.  Appellant’s
counsel requested that appellant be sentenced to the minimum recommendation
reflected in the plea papers, which was 15 years in prison.  

          The
trial court sentenced appellant to 30 years in prison for each offense.  In each case, the trial court signed, as
required by Rule of Appellate Procedure 25.2(a)(2), a certification of
appellant’s right to appeal.  The
certifications each recite, “[T]his criminal case . . . is not a plea-bargain
case, and the defendant has the right of appeal.”[3]  

Appellant did not file a
motion for new trial in either case.  These
two appeals followed.  

Ineffective Assistance of
Counsel

          In
each appeal, appellant asserts one point of error.  He contends that he received ineffective
assistance of counsel in the trial court. 


A.      Applicable Legal Principles

The Sixth Amendment to the
United States Constitution guarantees the right to reasonably effective
assistance of counsel in criminal prosecutions.  See U.S. Const. amend. VI.  To show ineffective assistance of counsel, a defendant
must demonstrate both (1) that his counsel’s performance fell below an
objective standard of reasonableness and (2) that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Strickland v. Washington, 466 U.S. 668,
687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A failure to make a showing under either
prong defeats a claim of ineffective assistance of counsel.  Rylander
v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

An appellant bears the
burden of proving by a preponderance of the evidence that his counsel was
ineffective.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Id. at 814.  We presume that a counsel’s conduct falls
within the wide range of reasonable professional assistance, and we will find a
counsel’s performance deficient only if the conduct is so outrageous that no
competent attorney would have engaged in it.  Andrews,
159 S.W.3d at 101.

 

B.      Analysis

          Appellant’s ineffective
assistance of counsel claim stems from the provision in the plea papers
indicating that the State would recommend a minimum sentence of 15 years for
each offense.  Appellant contends that
defense counsel’s performance was deficient because counsel approved and signed
the plea papers even though counsel knew that the State would recommend at
least a 15-year sentence for appellant in each case.  

In his appellate brief, appellant
points out that “the plea admonishments were signed by Appellant’s attorney and
plainly state Appellant entered his plea with ‘the consent and approval’ of his
attorney.”  Appellant contends, “[T]here
is no plausible reason an attorney would approve of a plea that detrimentally
caps his client’s punishment without any benefit.  In effect, Appellant gave up his valuable
right to a trial and gave up any possibility of receiving deferred
adjudication.  In exchange, Appellant
received no benefit whatsoever.”  Appellant
asserts that counsel’s approval of his pleas constitutes deficient representation.  

          In
trying a case, a criminal-defense lawyer controls the progress of a case,
except for three decisions that are reserved to the client: (1) how to plead to
the charges against him; (2) whether to be tried by a jury or to the court; and
(3) whether to testify in his own behalf.  See Burnett
v. State, 642 S.W.2d 765, 768 n.8 (Tex. Crim. App. 1982).  Thus, the decision to plead guilty is the
personal decision of the accused.  See Moore v. State, 4 S.W.3d 269, 276
(Tex. App.—Houston [14th Dist.] 1999, no pet.). 
The Court of Criminal Appeals has held that “the only required duty of
counsel under the most liberal construction when a plea of guilty is entered is
that counsel should ascertain if the plea is entered voluntarily and
knowingly.”  Butler v. State, 499 S.W.2d 136, 139 (Tex. Crim. App. 1973); see Starz v. State, 309 S.W.3d 110, 118
(Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).  

Here, appellant does not
contend that his pleas were not entered voluntarily and knowingly.  Nor does the record reflect as much.  To the contrary, the record shows that the
trial court orally admonished appellant and insured that appellant understood
the written admonishments that he had signed earlier.  See
Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2010) (listing required admonishments).  

The trial court informed
appellant that he had a right to a trial by jury and that, by pleading guilty,
he was waiving that right.  The court
also informed appellant regarding the sentencing range for each offense and the
effect of the enhancement allegation on the possible sentences.  The trial court read the plea papers to
appellant, including the portion indicating that the State would recommend a
minimum 15-year sentence in each case. 
Appellant indicated both orally and in writing that he understood the
terms and conditions as provided in the plea papers.  After acknowledging that he understood and
accepted the terms and conditions of his pleas, appellant indicated that he
desired to plead guilty.  The trial court
found appellant to be mentally competent and to have entered the pleas freely,
voluntarily, and knowingly. 

          Significantly,
there is no assertion by appellant, or in the record, that his plea was
involuntary because he was misinformed or misled by his counsel regarding the
terms of the plea or the plea process.  See Fimberg v. State, 922 S.W.2d 205,
208 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d) (explaining that a guilty plea is involuntary
when based on erroneous information conveyed by trial counsel to defendant).  Nor does appellant contend that that his plea
was involuntary because his counsel failed to investigate the charges against
him.  See
Ex parte Briggs, 187 S.W.3d 458, 468–69 (Tex. Crim. App. 2005) (granting habeas relief in case in
which counsel failed to perform adequate investigation of case facts before
defendant pleaded guilty). 

In short, the record before
us shows that appellant made a voluntary and informed decision to plead guilty with
the full knowledge that the State would seek a minimum 15-year sentence against
him.  As the Court of Criminal Appeals
has explained, “Trial counsel is in no position to prevent a defendant from
knowingly and intelligently entering a plea of his choosing.  Counsel exists to advise his client of the
consequences of the defendant’s actions.” 
Rodriguez v. State, 899 S.W.2d
658, 666 (Tex. Crim. App. 1995).  Here,
the trial court verified that appellant was knowingly and intelligently
entering his plea and that he had been advised of the detrimental effects of
his plea, which, by implication, included the State’s sentencing
recommendations.  Accordingly, the record
shows that trial counsel performed his duty, in the context of a plea
proceeding, to ensure that appellant’s pleas were knowing and voluntary.  See Butler,
499 S.W.2d at 139.  

In addition, appellant did
not file a motion for new trial in either case. 
We have no record to show what advice trial counsel gave with regard to
the minimum 15 year sentence recommendation or why appellant chose to plead
guilty with full knowledge of the minimum sentencing recommendations.  See Johnson
v. State, 176 S.W.3d 74, 79 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (“In the
absence of a proper evidentiary record, it is extremely difficult to show that
trial counsel’s performance was deficient.”).

We conclude that appellant
has not shown, by a preponderance of the evidence, his counsel’s representation
fell below an objective standard of reasonableness.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2064.  We
hold that appellant has not shown that he received ineffective assistance of
counsel when he pleaded guilty to the offenses of aggravated robbery and
aggravated assault.  Because appellant
has not shown deficient representation by his trial counsel, we do not reach
the second Strickland prong.  See Rylander, 101 S.W.3d at 110–11.

We overrule appellant’s sole
point of error in each appeal.  

Conclusion

          We
affirm the judgments of the trial court. 

 

 

                                                                   Laura Carter Higley

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]        Appellate cause number 01–10–00254–CR; trial court case number 1157530. 

 





[2]        Appellate cause number 01–10–00255–CR; trial court
case number 1227808. 

 





[3]        The State contends that the Rule 25.2 certifications
incorrectly reflect that the cases were not plea-bargain cases within the
meaning of that rule.  We disagree.  Rule 25.2(a)(2) defines a plea-bargain case
as one in which a defendant’s plea was guilty or nolo contendere and the
punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant.  See Tex.
R. App. P. 25.2(a)(2).  Here, the
plea papers provide that the State would recommend a minimum sentence of 15 years. 
Such an agreement does not fit within the rubric of plea-bargain cases
as contemplated by Rule 25.2.  See Tex.
R. App. P. 25.2(a)(2); cf. Shankle
v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (explaining that agreement
placing cap on punishment is plea bargain for purposes of Rule 25.2(a)(2)).  The record also does not support the State’s
assertion that it dismissed the other aggravated assault charge against
appellant in exchange for appellant’s guilty pleas.  See Shankle,
119 S.W.3d at 813 (explaining that charge bargaining in which State agrees to
dismiss or refrain from bringing additional charges in exchange for guilty or
no contest plea is plea bargain case for Rule 25.2 purposes).  The record does not contain an agreement by
appellant to plead guilty to the other two charges in exchange for the
dismissal of the third charge.  Instead,
as it appears in the record, the State’s decision to dismiss the third charge
was a unilateral decision made after appellant pleaded guilty to the first two
charges.