### HANRICK *v.* NEELY.

Where a party having a good title in fee to lands gives a power of attorney to sell them, and the person having the power executes in proper form in behalf of his principal a conveyance, the facts that he was compelled to make the conveyance by a decree of court on a litigation consequent on a difference between himself and persons to whom he had contracted to sell, as to the terms of the contemplated sale, and on the trial gives no proof of the decree in connection with the deed, is no ground for rejecting the deed on a question between subsequent parties.

In error to the Circuit Court for the Western District of Texas.

This was an action of trespass, according to the local practice of Texas, to try the title to several leagues of land, in Falls County, in that State.

On the trial of the case before a jury the plaintiff proved title in one Pedro Zarsa to the lands in controversy, and gave in evidence a letter of attorney, executed in 1831, from Zarsa to McKinney, authorizing him to sell the lands or to substitute another person in his stead for that purpose. McKinney did not execute the power conferred on him, but, in 1833, delegated it to one Williamson by a letter of substitution, which was also received by the court in evidence. In further derivation of title the plaintiff offered in evidence a deed of the property made in the name of Zarsa, in 1851, by Williamson, under the substituted power, to Hanrick, the plaintiff.

It appeared, from the evidence, that Williamson, on behalf of Zarsa, had contracted to sell the several tracts of land to Hanrick, and that the sale was not completed, owing to differences concerning it, which had arisen between the parties. These differences produced litigation, in the District Court of the United States for the Eastern District of Texas, which resulted in the court decreeing that Williamson, on behalf of his principal, should convey to Hanrick.

This deed, offered as above stated, by the plaintiff, was rejected by the court below on the ground that as it was made and delivered in pursuance of a decree of the District

Court, the decree was necessary to support the deed, and without proof of it (which was not furnished) the deed could not be read in evidence to the jury. The court also apparently based its rejection of the deed on the ground that it was delivered by the clerk to Hanrick in obedience to the decree of the court, and that therefore proof of the decree was necessary to support the delivery. There was other evidence offered, rejected, and exceptions taken, but the only point in the case which the court deemed it necessary to notice related to the ruling of the court, excepted to at the time, excluding this deed from the consideration of the jury. The main question was whether the deed was good without the decree?

*Mr. W. G. Hale, for the plaintiff in error. No opposing counsel.*

Mr. Justice DAVIS delivered the opinion of the court.

It may be true that the deed which the court below rejected was executed because of the decree made by the District Court for the Eastern District of Texas, and that it would not have been made if the decree had not been rendered, but it does not follow that the decree was necessary to its validity. The fee of the lands was in Zarsa, and the power of Williamson, his attorney in fact, to sell and convey them to Hanrick, was plenary, and did not require, to be employed, that a court of justice should act on it. If Williamson was stimulated by the decree to exercise the power thus vested in him by Zarsa, what right have the defendants to question his action or complain of it? They are not concerned with the reasons that induced him to act, nor with the nature or result of the litigation with Hanrick. All that they are interested to know is, that Zarsa had title to the lands, that he authorized Williamson to sell, and that the conveyance to Hanrick was in due form of law. The decision by this court in *Games* v. *Stiles** is a direct authority against the position taken by the court below. In that case, Buchanan, the purchaser from the United States of lands in

---

* 14 Peters, 322.

Ohio, sold them to Sterling, but recited in his deed, that the conveyance was made in pursuance of a decree of the Circuit Court of the United States for the District of Virginia. The court held that it was not necessary to prove the decree to sustain the deed; that as Buchanan was the patentee of the land, although he made the deed under the authority of the decree, yet the deed was good without the decree, which could add nothing to its validity. If anything, the case at bar is stronger than the case just cited, because Zarsa does not recite in the body of the deed that the conveyance is made in consequence of the decree, and we only learn the fact that it was so, by an indorsement on the back of the deed.

One other point remains to be noticed. It seems that the court based its rejection of the deed also on the ground that it was delivered by the clerk to Hanrick in obedience to the decree of the court, and that therefore proof of the decree was necessary to support the delivery. But the deed was not complete without delivery, and the decree of the court was no more essential to give validity to the delivery than it was to any other formality necessary to the full execution of the instrument. Williamson authorized the delivery, and has acquiesced in it, and no one else can object to the mode by which the act was accomplished. All that the defendants are interested in, is the fact of delivery, and about this there is no dispute. They are no more concerned with the considerations that induced Williamson to deliver the deed to Hanrick, through the clerk of the court, than they are with the motives that prompted him to affix his signature and seal to the instrument.

Apart from this, Hanrick, the grantee, being in possession of the deed, which upon the face of it is regularly executed, and, having had it recorded, the presumption is that it was duly delivered.*

It is, therefore, clear that the Circuit Court erred in rejecting the deed, and on that account its judgment is

REVERSED AND A VENIRE DE NOVO AWARDED.

* Carver *v.* Jackson, 4 Peters, 84; Ward *v.* Lewis, 4 Pickering, 520.