ACCEPTED
06-14-00220-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/18/2015 3:34:37 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/21/2015 8:33:00 AM
DEBBIE AUTREY
Clerk

**SHAHID KARRIEM ANSARI III,**
APPELLANT

§
§
§

v.

§          **Nos. 06-14-00220-CR**

§
§

**THE STATE OF TEXAS,**
APPELLEE

§
§
§

---

## STATE'S BRIEF

---

FROM THE 354TH JUDICIAL DISTRICT COURT
HUNT COUNTY, TEXAS

TRIAL CAUSE NUMBER 27,739
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

*ORAL ARGUMENT IS NOT
REQUESTED*

# TABLE OF CONTENTS

Table of Contents ............................................................................................................ ii

Index of Authorities ....................................................................................................... iii

Issues Presented ......................................................................................................... 5–10

    1. Appellant's trial counsel provided effective assistance by presenting the best
       trial strategy he could when his client chose to plead true to the elements of the
       offense and throw himself on the mercy of the court. ................................... 5–10

Prayer .............................................................................................................................. 11

Certificate of Service ...................................................................................................... 12

Certificate of Compliance with Rule 9.4 ........................................................................ 12

# INDEX OF AUTHORITIES

**CASES:**

*Blott v. State*, 588 S.W.2d 588 (Tex. Crim. App. 1979)................................................6

*Eddie v. State*, 605 S.W.2d 924 (Tex. Crim. App. 1980) ........................................ 6

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)....................................5

*Johnson v. State*, 959 S.W.2d 230 (Tex.App.—Dallas 1997) ................................ 6

*Kimmelan v. Morrison*, 477 U.S. 365, 91 L.Ed. 305 (1986) .................................. 6

*Strickland v. Washington*, 466 U.S. 668, 80 L.Ed. 674 (1984) .............................. 5–6

*Moore v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005)........................................ 6–7

*Toupal v. State*, 926 S.W.2d 606 (Tex. App.—Texarkana 1996)) ......................... 6

## IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

SHAHID KARRIEM ANSARI III, §
  APPELLANT §
§
   v. §   Nos. 06-14-00220-CR
§
§
THE STATE OF TEXAS, §
  APPELLEE §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

  NOW COMES the State of Texas, Appellee, in this appeal from Cause No. 27,739 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Richard A. Beacom, Jr., Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Court in support of the judgment of sentence in the court below.

## STATE'S RESPONSE TO POINTS OF ERROR ONE

**Appellant's trial counsel provided effective assistance by presenting the best trial strategy he could when his client chose to plead true to the elements of the offense and throw himself on the mercy of the court.**

### Argument and Authorities

In order to prevail on a claim that counsel was ineffective, appellant must prove that: (1) his counsel's representation was deficient; and (2) the deficient performance was so serious that it prejudiced his defense. That is, appellant must prove by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms and there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. See *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

The review of counsel's representation is highly deferential, and the Court should indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689. The burden is on the appellant to overcome that presumption by identifying the acts or omissions of counsel that are alleged to have constituted the ineffective assistance and to affirmatively prove that they fall below the professional norm or reasonableness. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Additionally, appellant must prove that counsel's errors, judged by the totality of the

representation, denied him a fair trial. Merely showing that they had some conceivable effect on the proceedings is inadequate to prevail on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 693.

In evaluating the first prong of the *Strickland* inquiry, appellant must rebut the presumption that counsel's representation was competent by proving that the challenged assistance was not sound trial strategy. *Kimmelan v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed. 305 (1986) (citing *Strickland*, 466 U.S. at 688-689); *Johnson v. State*, 959 S.W.2d 230, 236-237 (Tex.App.—Dallas 1997). The court must not second-guess through hindsight the strategy of counsel at trial; nor should the fact that another attorney might have pursued a different course of action support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). The fact that another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not indicate that the trial attorney was ineffective. *Id.*

Furthermore, when an Appellant pleads guilty (or true), trial counsel does not have to perform the same level of independent investigation he would in a contested proceeding. *Toupal v. State*, 926 S.W.2d 606, 608 (Tex. App.—Texarkana 1996); *Eddie v. State*, 100 S.W.3d 437, 442 (Tex. App.—Texarkana 2002). The State only has to prove one of the allegations in the motion for the trial court to revoke (or adjudicate) probation. *Moore v. State*, 605 S.W.2d 924, 926

(Tex. Crim. App. 1980).

## A. Appellant chose to plead true to the allegations that the State could prove.

This was not Appellant's first motion to adjudicate so Appellant knew what to expect at the hearing. A year before Appellant faced a motion to adjudicate. RR17/pp.1–39. During that hearing the State offered proof that Appellant: 1) made only $65.00 in payments while on probation; 2) had only completed 44 hours of community service; 3) failed to complete the anger management class; 4) did not complete the psychological evaluation; 5) failed to appear at a violation review and 6) was arrested for family violence assault. RR19/p.18, lines 10–21. At the prior MTA Appellant presented no witnesses. RR178/pp.1–39. Appellant did testify at the end of the prior hearing when the court asked him questions. RR17/pp.36–37. At the end of Appellant's first MTA, Appellant was allowed to remain on probation with amended terms including: an extension of the length of probation, a 90 day sanction and work release. RR17/pp.38–39; RR19/p.9, lines 9–16 and pp.11–12.

Appellant made the decision to plead true as part of his overall trial strategy of admitting to everything but asking the trial court to give him another chance at probation. Appellant had the opportunity to have his MTA set off so the State could order certified copies of the two judgments for the offenses in paragraphs 1 and 2 or pled true and have a hearing the following week. RR18/p.5, lines 7–19. Trial counsel spoke with Appellant and then came back onto the record with

Appellant establishing his intent to plead true to both paragraphs alleging the new offenses. RR18/pp.5–6. Once Appellant pled true, the trial court asked if he wanted to proceed with the final hearing that day or next week. RR18/p.6, lines 19–20. Appellant did enter pleas of not true to paragraphs 3–5 and true to the allegations in paragraph 6 and the trial court set the final hearing for a week away after consulting to make sure the date worked with trial counsel's schedule. RR18/p.7, lines 2–20. The trial court found that paragraphs 1, 2 and 6 were true and proceeded to a sentencing hearing. RR19/pp.6–7.

### B. Trial counsel's strategy was to have Appellant testify and ask for mercy as when Appellant testified at the prior adjudication hearing the trial court allowed him to remain on probation with a jail sanction.

The evidence presented at sentencing reflected the initial allegations in the MTA as well as Appellant's performance on probation. At the final MTA hearing, the State abandoned paragraphs 3,4, and 5. RR19/pp.5–6. Probation Officer Cindy Ware explained how Appellant accomplished very little while on probation. RR19/pp.7–10. Appellant performed only 3 community service hours in the last year. RR19/p.7, lines 16–22. Appellant made one payment of $30.00 since December 2013. RR19/pp.7–8. Appellant last reported to probation in December of 2013 and has not reported since. RR19/p.8, lines 2–9. At the final hearing Officer Ware also testified that she reviewed a final judgment showing

Appellant's conviction for the offense of possession of marijuana alleged in paragraph 2. RR19/p.10, lines 8–20.

Appellant even admitted to the offenses alleged in paragraphs 1 and 2 again in his testimony at punishment. RR19/pp.11–12. Appellant received probation for the new offenses alleged in paragraphs 1 and 2. RR19/p.10, lines 8–20. Appellant also admitted he never took the anger management class listed in paragraph 6. RR/19/p.12, lines 12–17. Appellant did claim he performed additional hours of community service for the City of Commerce on probation and that he told his probation officer when he reported about the additional hours. RR19/pp.12–13.

Appellant asked the trial court to give him another chance and reinstate Appellant on probation. RR19/p.14, lines 3–6. Appellant admitted he was on his second motion to adjudicate and had not performed well on probation but felt that now he was able to make it work and wanted another chance. RR14–15. He explained he was a young man with four small children under the age of 3 and that he had a place to live here in Greenville if allowed to remain on probation. RR19/pp.14–15. Appellant admitted he was not performing community service because he knew there was a warrant out for his arrest. RR19/p.17, lines 9–15. Trial counsel argued to the court asking for leniency and to give Appellant another chance at probation so he could take care of his children. RR19/p.18, lines 2–8.

Appellant's trial counsel provided effective assistance of counsel; therefore,

Appellant's point of error should be denied and his conviction and sentence affirmed.

## CONCLUSION AND PRAYER FOR RELIEF

The State prays that the Court will affirm Appellant's sentence.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas


**/s/ Keli M. Aiken**
**KELI M. AIKEN**
Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
State Bar No. 240434482
(903) 408-4180
FAX (903) 408-4296

# CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief and contains 1,896 words and was prepared on Microsoft Word 2013.

/s/ Keli M. Aiken
KELI M. AIKEN
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX  75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been placed in Jason Duff's box in the Hunt County District Clerk's Office and emailed to him, today September 18, 2015, pursuant to local rules.

/s/ Keli M. Aiken
KELI M. AIKEN
First Assistant District Attorney