**Affirmed and Memorandum Opinion filed August 11, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00285-CR

**DAVID RUIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-CR-1921**

## M E M O R A N D U M    O P I N I O N

Appellant, David Ruiz, appeals the trial court's adjudication of appellant's guilt for sexual assault of a child. In two issues, appellant contends the trial court abused its discretion by: (1) failing to grant a motion for new trial based on ineffective assistance of counsel during the adjudication proceeding; and (2) failing to grant a hearing on the motion for new trial. We affirm.

# I. BACKGROUND

In 2011, Appellant, pleaded "guilty" to sexual assault of a child.[1] The trial court placed appellant on six years' deferred-adjudication community supervision. The State filed a motion to adjudicate guilt, with multiple amendments between 2013 and 2015, on the grounds that appellant violated conditions of his community supervision and failed to pay several fines. The State eventually filed a sixth amended motion that resulted in the proceeding at issue.

The trial court conducted a hearing on the State's motion to adjudicate on March 19, 2015. At the hearing, appellant pleaded "true" to two paragraphs in the motion, admitting he "failed participate in Community Service work as approved by the Court at a rate of no less than sixteen (16) hours per month until completed" and "failed to comply with polygraph requirements."

The trial court heard evidence regarding thirteen other allegations to which appellant pleaded "not true." The State called as its first witness Rochell Dickey, a community supervision officer for Galveston County, who testified as to appellant's failure to meet various requirements of community supervision (or probation) as alleged in the motion to adjudicate. The State also called as a witness Paula Welch, a certified peace officer and former sex offender compliance officer for Galveston County Sheriff's Office. Officer Welch testified regarding appellant's failure to comply with certain sex offender registration requirements. Thereafter, the State rested.

As its first witness, defense counsel called appellant to testify to elicit testimony in rebuttal to the State's allegations. Defense counsel attempted to call

---

[1] Appellant was on probation for sexually assaulting his sister over an extended period of time. She was 8 years old at the time.

appellant's mother as a witness; however, she was unavailable.[2] The defense called appellant's cousin, James Merritt, who provided character witness testimony.[3] After Merritt testified, the defense rested.  The parties presented their closing arguments.

The trial court found allegations regarding appellant having internet access through a mobile device based on certain Facebook posts were "not true."[4] The trial court found sufficient evidence to support a finding of "true" for twelve allegations in the State's motion to adjudicate guilt.[5]

For sentencing purposes, the trial court inquired if either party had any motions or requests.  The State replied by moving to have all the evidence presented during the hearing to be considered during the punishment phase and recommending appellant be sentenced to twenty years.[6] Defense counsel recommended that appellant be allowed to remain on probation – if not deferred, then straight probation.  The trial court found appellant guilty of the initial offense

---

[2] The record reflects that defense counsel stepped out in the hall to get appellant's mother, but returned to the courtroom and stated,"[h]is mother actually had to go to work."

[3] Merritt testified that appellant is a hard worker and that if the trial court would allow appellant to remain on probation that Merritt allegedly knew of a place in Galveston that would hire appellant as a laborer in a shipyard.

[4] Defense counsel objected to the evidence as not properly authenticated, which the trial court sustained.  Thereafter, the trial court found not true paragraphs 57, 62, and 63.

[5] In addition to the two paragraphs to which appellant pleaded true (31 and 56), the trial court found true ten additional paragraphs (1d, 4, 9, 12, 13, 16, 16A, 17A, 36, and 40) of the motion to adjudicate.  The paragraphs found to be true included, but were not limited to, allegations of failing to report to Galveston Sheriff's Department for sex offender registration; failing to report to his community supervision officer as ordered for the months of December, 2012, and January, February, March, April, November, and December, 2013, and February, 2014; failing to report to his community supervision officer any change of address; failing to pay as ordered supervision fees, costs of court, compensation for appointed counsel, Crime Stopper Program, and Sexual Assault Program Fund; failing to attend counseling sessions for sex offenders; and failing to report to Texas City Police Department for sex offender registration.

[6] The State did not present a victim impact statement.

of sexual assault of a child and assessed appellant's punishment as twenty years' confinement.

Represented by new counsel, appellant timely filed a motion for new trial. Appellant argued that his trial counsel was ineffective for not investigating and presenting mitigating evidence. Appellant attached affidavits from both his mother (Gloria Lopez) and his sister (Yesenia Lopez),[7] claiming they would have testified and were available if counsel had contacted them and informed them they could testify. In both affidavits, they allege appellant's step-father sexually assaulted appellant and that appellant was forced by his step-father to have sex with his younger sister. Both affidavits further allege that appellant fell, fractured his skull, and had seizures. Yesenia alleged that appellant has trouble understanding instructions and has to hear them multiple times. Appellant's mother claimed appellant is depressed and that he has mentioned suicide.

Appellant's motion for new trial, with the accompanying affidavits, was presented to the same district judge who conducted the hearing on the motion to adjudicate guilt. The trial court initially scheduled a hearing on the motion, issuing a subpoena to Galveston County jail for any medical records of appellant as well as subpoenas to appellant's mother and sister. Although multiple attempts were made to serve appellant's mother and sister with the subpoenas, they were unsuccessful and unable to serve either individual. Thereafter, the trial court denied appellant's request for a hearing. The trial court allowed the motion for new trial to be overruled by operation of law.[8] This appeal timely followed.

---

[7] Yesenia Lopez was not the complainant in the offense in the case at bar.

[8] A motion for new trial is deemed denied absent a timely ruling by written order. *See* Tex. R. App. P. 21.8(c).

4

## II. ANALYSIS

### A. Motion for new trial based on ineffective assistance of counsel

In his first issue, appellant argues that the trial court abused its discretion by denying his motion for new trial because he claims he established that his trial counsel was ineffective for not investigating and presenting mitigating evidence during his revocation hearing. Appellant argues that knowing that the trial court could sentence Appellant to the full range of punishment based on his plea of true, trial counsel's failure to investigate and present mitigating evidence was deficient.

#### 1. Standard of review

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard, reversing only if the trial judge's opinion was clearly erroneous and arbitrary.[9] *Riley v. State,* 378 S.W.3d 453, 457 & n.9 (Tex. Crim. App. 2012) (citations omitted); *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). "A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling." *Id*., at 457 & n.10 (citing *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). This deferential review requires us to view the evidence in the light most favorable to the trial court's ruling. *Id.*, at 457 & n.11. We must not substitute our own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *See id*. (citations omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id*. (citations omitted). "This same deferential review must be

---

[9] "A trial court's decision to deny a motion for new trial or allow it to be overruled by operation of law is also reviewed on an abuse of discretion standard." *Mallet v. State*, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.).

given to a trial court's determination of historical facts when it is based solely on affidavits, regardless of whether the affidavits are controverted." *Id*. (citations omitted).

## 2. Ineffective assistance of counsel

Ineffective assistance of counsel may be raised in a motion for new trial. *Smith* v. State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). An appellant seeking to challenge trial counsel's representation must establish that his counsel's performance (1) was deficient and (2) prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To show deficient performance "the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms." *Smith*, 286 S.W.3d at 340 n.26 (quoting *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). To show prejudice, the appellant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Smith*, 286 S.W.3d at 340 n.27 (quoting *Strickland*, 466 U.S. at 694).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent

regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

### 3.      Application of *Strickland*

#### a.      Trial counsel's performance was effective

Appellant alleges that his mother and sister were available and willing to testify and that trial counsel was defective for not investigating and presenting the mitigating evidence they had to offer through their testimony.  According to their affidavits, they would have testified that appellant was a sexual abuse victim and that he had fallen from a balcony and had a head injury.  Appellant contends that their testimony would have resulted in the trial court sentencing him to less than the maximum punishment.  We disagree.

As an initial matter, the record evidence contradicts some of the claims asserted in the affidavits of appellant's mother and sister.  Specifically, appellant's mother and sister both claim they would have been available and would have testified on his behalf.  As set forth above, appellate counsel attempted to have subpoenas served on both women for the initially scheduled motion for new trial hearing; neither woman, however, accepted service, despite multiple attempts to serve them and notes left at their homes.  Their avoidance of service of the subpoenas undercuts their affidavit testimony that they would have been available and willing to testify on appellant's behalf.

Appellant acknowledges in his brief that he pled true to two allegations in the motion to adjudicate guilt and, consequently, the full range of punishment was open to the trial court.  He further admits that his trial counsel conducted "some investigation" into the existence of mitigating evidence.  He concedes that

7

mitigation evidence was presented on his behalf at the hearing; however, he characterizes such evidence as "meager." Where a defendant pleads "true" to allegations in a revocation proceeding, "failure to conduct a full-fledged independent investigation of the facts does not necessarily result in counsel rendering constitutionally ineffective assistance." *Eddie v. State*, 100 S.W.3d 437, 442 (Tex. App.—Texarkana 2003, pet. ref'd); *see also Toupal v. State*, 926 S.W.2d 606, 608 (Tex. App.—Texarkana 1996, no pet.) ("We do not agree that the magnitude of independent factual investigation for a contested proceeding is necessary to protect a defendant's rights when the defendant knowingly and voluntarily pleads guilty to the alleged offense.").

The record demonstrates that his counsel cross-examined Officer Dickey (probation officer) and Officer Welch (sex offender compliance officer) about their knowledge, or lack thereof, of appellant's head injury and any mental incapacity. Additionally, under cross examination, trial counsel elicited testimony that Officer Dickey was surprised to learn appellant took five medications for physical and mental issues, and Officer Welch was unaware that appellant was on medication. She further questioned whether Officer Dickey knew appellant was a sexual abuse victim. Trial counsel asked both Officer Dickey and Officer Welch regarding appellant's understanding of the terms of his probation. Moreover, through direct questioning of appellant, trial counsel presented the head trauma and sexual abuse mitigation evidence. Appellant testified he was taking seizure and depression medicine. He told the court that the prosecution called him to testify against his step-father. Appellant testified that he had a traumatic fall that left him in the hospital for a long time and caused seizures. Finally, trial counsel discussed the mitigating evidence in closing argument. She argued appellant was a sexual abuse victim, had suffered head trauma, suffers from some mental incapacities and takes

five different medications, and should receive another chance to redeem himself. Thus, trial counsel presented and argued mitigating evidence during the hearing.

Lastly, there is no indication that a further investigation by trial counsel revealing additional, cumulative mitigating evidence espoused by appellant's mother and sister would have changed the result of the case.[10] "Evidence that is merely cumulative will rarely be judged by trial or appellate courts to bring about a different result." *Meek v. State*, No. 14-02-01024-CR, 2003 WL 22232670, at *2 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing *Cf. Kennerson v. State*, 984 S.W.2d 705, 708 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)). "Simply, an attorney is not ineffective for failing to present cumulative testimony." *See id.* (citing *Tutt v. State*, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet. ref'd)).

Under these circumstances, appellant has not shown that his trial counsel's representation fell below an objective standard of reasonableness. As such, appellant has failed to prove *Strickland's* first prong.

### b. No prejudice by counsel's failure to investigate or present mitigating evidence by calling appellant's mother and sister as witnesses[11]

Even if appellant could demonstrate deficient performance by his trial counsel, he cannot show that he was prejudiced by her errors–*i.e.*, but for her deficient performance the result would have been different. Here, as set forth

---

[10] Even if the affidavits were not cumulative of other mitigating evidence, we still would not necessarily conclude that trial counsel's failure to investigate and present appellant's mother and sister during the revocation hearing could support a claim for ineffective assistance of counsel. Where a valid trial strategy, or a feasible trial strategy in the absence of record evidence, is the basis for such inaction by defense counsel, an appellant has not demonstrated ineffective assistance of counsel. *See Wallace v. State*, 75 S.W.3d 576, 590 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003).

[11] "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

above, information regarding appellant's head injury and appellant being a sexual abuse victim was elicited during trial counsel's cross examination of State's witnesses. As such, the additional testimony of his mother and sister would have been cumulative. Given that the trial judge had this mitigating evidence before her, that appellant pled true to two violations of conditions of his probation, and that the trial judge found appellant violated in total twelve conditions of his probation, appellant has not demonstrated a reasonable probability that the result of the proceedings would have been different had appellant's trial counsel called his mother and sister to the stand to testify.

Viewing the evidence in the light most favorable to the trial court's ruling, we find that appellant has not shown either deficient performance by trial counsel or there is a reasonable probability that such investigation or mitigating evidence would have produced a different result. As such, appellant has failed to meet his burden under both prongs of *Strickland*, and the trial court properly denied appellant's motion for new trial that was based on his claim of ineffective assistance. We overrule appellant's first issue.

## B. Evidentiary hearing on motion for new trial

In appellant's second issue, he contends the trial court abused its discretion in denying him a hearing on his motion for new trial.

### 1. Standard of review

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith*, 286 S.W.3d at 339. A defendant's right to an evidentiary hearing is not absolute, *i.e.*, a trial court is not required to hold a hearing when the matters raised in the motion are subject to being determined from the record. *See id.*, at 338. To be entitled to a hearing on a motion for new trial,

the movant must raise one or more matters not determinable from the record and establish the existence of reasonable grounds showing that he could be entitled to relief. *See id.*, at 339.

Thus, as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for the claim. *See Smith*, 286 S.W.3d at 339. "[A]ffidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required." *Id.* The motion and affidavits need not present a *prima facie* case for a new trial, but the movant "must at least allege facts that show reasonable grounds to believe that he *could* prevail under *both* prongs of the test for ineffective assistance of counsel under *Strickland*." *Id.* at 338 (emphasis in original); *see also Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

**2. Whether matters are determinable from the record and whether reasonable grounds exist that show appellant could be entitled to relief**

When a judge who sentences a defendant also denies the defendant's hearing on a motion for new trial, we presume that the judge knew whether additional testimony produced in affidavits would have influenced his normative sentencing judgment. *Smith*, 286 S.W.3d at 344–45. Only the trial judge could have known what factors he took into consideration when he assessed the punishment, and only he would know how additional testimony might have affected his assessment. *Id.* at 344. The trial judge may conclude, without conducting a hearing, that the appellant suffered no prejudice from any deficiency of the trial counsel with respect to the punishment phase. *Id.* at 345.

Here, the judge who sentenced appellant is the same judge who initially set the motion for new trial for a hearing, subsequently denied the hearing, and thereafter denied the motion for new trial by operation of law. Consistent with *Smith*, the trial judge could have determined without a hearing that the alleged deficiencies of trial counsel by failing to provide this evidence at the punishment phase would not have affected his sentencing decision. *See Smith*, 286 S.W.3d. at 344–45.

Moreover, as discussed above, the evidence provided in the motion for a new trial included affidavits from appellant's mother and sister that offered evidence cumulative to that already in the record. "[A] trial court is not required to conduct a hearing on a motion for new trial to hear complaints about counsel's failure to present cumulative evidence." *Meek*, 2003 WL 22232670, at *3.

Because we find that appellant's motion for new trial raised matters that were determinable from the record and did not raise grounds that would reasonably entitle him to relief, we hold that the trial court did not err in denying an evidentiary hearing on appellant's motion for new trial. *See Smith*, 286 S.W.3d at 339. We overrule appellant's second issue.

### III.  CONCLUSION

We affirm the trial court's judgment.


/s/    John Donovan
          Justice



Panel consists of Justices Jamison, Brown, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).